# Henderson-Boyd Lumber Co. *v.* Cook.

## *Assumpsit.*

(Decided Dec. 20th, 1906.  42 So. Rep. 838.)

1. *Contract; Compensation; Extra Work.*—A person doing work known as "old grading" which was not included in his contract, but which was necessary to be done in order to complete certain work contracted to be done, is entitled to additional compensation for whatever the extra work was reasonably worth.

2. *Evidence; Opinion Evidence; Expert Testimony; Construction of Contract.*—As to whether "old grading" is or is not included in "surfacing" mentioned in the contract, it is competent for those shown to be acquainted with that class of railroad construction work to say what the term of "surfacing" means, and whether it included "old grading" or not, which was necessary in that particular place.

3. *Same; Evidence of Custom.*—It is competent to show by those acquainted with that class of railroad construction work what is the custom of railroad contractors doing the same class of

work, as to additional compensation for such work, and the reasonable amount of such compensation.

4. *Customs; Establishment; Evidence; Jury Question.*—Where a railroad contractor sought to recover for extra items of work done outside the contract and testified that all the extra items were necessary and that with items of this kind it is the custom of railroad contractors to charge it at actual cost, plus ten per cent. this evidence afforded some proof of the custom, and as to its sufficiency, it was a question for the jury.

5. *Damages; Liquidated Damages and Penalty; Forfeiture on Breach.*—A contract providing that the contractor was to receive $350 per mile for doing certain work, three hundred of which was to be paid as each mile was accepted, and the $50.00 to be held back for each mile until the contract was completed, which was a guarantee for the completion of the work, such a stipulation was for a penalty and was not liquidated damages.

6. *Work and Labor; Contract; Substantial Performance; Quantum Meruit.*—Where a substantial part of the work under the contract had been completed and accepted, the person doing the work is entitled to recover thereon on a quantum meruit, and the other party sustaining no damage from the failure to complete, the person doing the work is entitled to the full reasonable value thereof.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by R. D. Cook against the Henderson-Boyd Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Action on the common counts for work and labor done. The contract was in the shape of a letter, and was as follows: "R. D. Cook, Montgomery, Ala.: Confirming conversation with our Mr. Boyd, we will give you contract for twelve or fifteen miles of railway, paying you three hundred and fifty dollars per mile, three hundred of which is to be paid as each mile is accepted by us, if you so desire, and other fifty dollars to be held back, per mile, until contract is completed. This fifty dollars held to guaranty completion of work. Work will consist of taking up track from where it is now laid, laying it, and surfacing, same to be accepted in mile sections. We to furnish locomotive, cars and en-

gineer. For any new grading that is necessary for you to do, will pay you 12 1-2 cents per yard. Grubbing to be done governed by our present specification. For treastling or timber work we pay you actual cost plus 10 per cent. For 12,000 cross-ties or more furnished by you, 10 cents each delivered, we to furnish the timber. Said ties to be eight feet long and to show six inches face on both sides, and three inches heart on both sides. This work to begin not later than the 20th of the month, and to be completed in seventy-five days. April 13th, 1905." The modifications and the other facts sufficiently appear in the opinion.

The plaintiff testified that he was a railroad contractor of several years' experience, had built much railroad, and that old grading consisted of work on any part of the track on which dirt had been broken, or on which any grading had been done; that new grading consisted in work on a line on which no dirt had been broken ;that old grading was very much more expensive then new grading, for the reason that the top soil had been removed; that surfacing consisted in leveling the track after it was laid on the cross-ties, filling in between the cross-ties with dirt, and generally placing the track in condition after the rails had been laid. Grading consisted in getting the roadbed ready for the laying of the cross-ties and rails. The defendant objected to each part of this testimony, and moved to exclude it. The court overruled the motion, and the defendant excepted. The plaintiff also testified, over the objection of the defendant, that all the extra items of work he did and included in his account were necessary items, and that with items of this kind it is the custom of railroad contractors to charge on the force account, which is actual cost, plus 10 per cent.

The plaintiff requested the court to give the following charges: (1) Affirmative charge. (2) "If the jury believe the evidence in this case they must find for the plaintiff for not less than $391.61, with interest." And to giving of these charges the defendant excepted.

The defendant requested the following charges, which were refused by the court: "If the jury believe that at the time the plaintiff stopped work on said railroad, on

or about July 15, 1905, there was an existing contract between him and the defendant in regard to the matters upon which the suit is brought, then, unless the jury find from the evidence that the plaintiff has complied with the contract in its every term before bringing this suit, he is not entitled to recover anything.  (2) The court charges the jury that unless they believe from the evidence that the plaintiff has complied with every term of his contract with the defendant, if they believe there was such a contract, at the time plaintiff stopped work on the said railroad, then Cook is not entitled to recover anything.  (3) The court charges the jury that if the plaintiff did not cut the 12,000 ties as stipulated in the contract, and the defendant has never in any way released him from this term of the contract, then the court charges the jury that the defendants are entitled to retain the $50 per mile of track completed by the plaintiff as stipulated damages.  (4) If the jury believe from the evidence that the contract introduced in evidence was in force and had not been abandoned by agreement by both parties, at the time plaintiff stopped work in July, and that the plaintiff has not complied with every term of said contract, then the defendant is entitled to retain $50 for each mile of completed road, and is not required to prove actual damages."

There was judgment for plaintiff for $488.22, and defendant appeals.

RILEY & WILKERSON, for appellants.—The testimony was insufficient to prove a custom among railroad contractors as to old grading.—2 Parson's Contracts (9th Ed.) 694, 697; Smith & Co. v. Rice, 56 Ala. 423.  The custom attempted to be shown was not brought home to the defendants, nor was it shown to be of such a character as that the law presumes knowledge of it on their part.—Smith & Co. v. Rice, supra; Herring, et al. v. Skaggs, 73 Ala. 446; 2 Parson Contract (9th Ed.) 694.  Counsel discuss other assignments of error, but cite no authority.

HILL, HILL & WHITING, for appellee.—It being shown that Boyd, defendant's manager, was experienced in railroad construction and in building tram roads, he

was charged with the knowledge of custom obtaining; and the court did not err in admitting the testimony of Cook and Hannon.—*Smith v. Rice,* 56 Ala. 417; *Sheffield Furnace v. Hull Coke Co.,* 101 Ala. 464. The fact that appellee and appellant did not say to each other in so many words that the contract was abandoned cannot effect the result. Their acts must be looked to before their intention.—*Roberson v. Bullock,* 66 Ala. 554; 2 Mayf. Dig. 798; Clark on Contracts, p. 611. There was no conflict in the evidence brought about by Boyd's testimony.—*Peters v. Southern Ry. Co.,* 135 Ala. 536. The agreement to retain the $50.00 per mile was, at most, a penalty.—*Keeble v. Keeble,* 85 Ala. 552; *McPherson v. Robinson,* 82 Ala. 459.

SIMPSON, J.—This was an action brought by the appellee (plaintiff) against the appellant (defendant); the complaint containing only common counts on account and for work and labor done and materials furnished. According to the testimony of the plaintiff, he entered into the written contract set out, but, when he appeared at the appointed place on the day on which he was to begin work, he found that he did not have men enough to do the work, and requested the general manager of the defendant "to work his hands and pay them until he could get men enough to start on the contract," and about three or four weeks afterwards "he and the defendant * * * had an agreement by which the defendant agreed to take part of the work and do it, agreeing to take up and relay the track of the railroad, which the defendant proceeded to do, and the plaintiff to do the surfacing of the same." And under this agreement the plaintiff continued to work until he quit in July, 1905. He testified that it was subsequently agreed that he was to have $127.50 per mile for the surfacing; that he surfaced 9 3-5 miles, and performed other work and furnished cross-ties, making the total amount of $2,-408.63, to which he was entitled, on which he has been paid $1,919.71, leaving a balance due of $488.92.

It will be observed that the plaintiff's testimony does not claim that the original contract was even abrogated, or substituted by a new contract, but was only

modified in one particular, to-wit: In place of "taking up track, * * * laying it, and surfacing," and receiving $350, per mile, the plaintiff was simply to surface it and receive therefor $127.50 per mile. This does not differ materially from the defendant's testimony in regard to the transaction, and it is admitted that the work was not completed. The contract provided that plaintiff was to be paid 12 1-2 cents per yard for new grading, and plaintiff claims that he quit work because he was doing some other grading, and defendant was not willing to allow him more than 12 1-2 cents per yard, and that old grading is more expensive than the new grading; while the defendant claimed that old grading was much easier than new grading, and that it was really included in the "surfacing" which plaintiff was to do. Whichever contention may be correct on that point, plaintiff's remedy was not to abandon the contract. Plaintiff admitted that he had not completed the work called for in the original contract. The "old grading" was either included in the contract, or it was not. If it was, the plaintiff should have gone on with the work; if it was not, and it became necessary to do it, in order to complete the work contracted for, the plaintiff, on the completion of the work, would be entitled to additional compensation for whatever that work was reasonably worth. Or, if he did not wish to perform it himself, and his work of surfacing could not be done until said grading was done, he might demand of the defendant to have it done in order that he might go on with the surfacing.

It was legitimate to prove, by those acquainted with the doing of that class of work, what the word "surfacing" meant, and whether it included such grading as was necessary in this case; and it was proper, also, to prove what was the custom in regard to the construction companies doing that class of work, and what the customary charges were for doing it, if additional charge was permitted. The evidence sought to be introduced to establish the custom was at least "some proof conducing to show such custom," and whether it was sufficient or not was a matter for the consideration of the jury, under the instructions of the court. Hence it was

properly admitted.—*Steele v. McTyer's Adm'r*, 31 Ala. 667, 676, 70 Am. Dec. 516; 12 Cyc. p. 1102; *Haas v. Hudmon*, 83 Ala. 174, 176, 3 South. 302.

The terms of the contract show conclusively that the $50, which was to be retained by the defendant, was a penalty "to guaranty completion of the work, and not liquidated damages.—*McPherson v. Roberts*, 82 Ala. 459, 462, 2 South. 333; *Keable v. Keeble*, 85 Ala. 552, 5 South. 149. A substantial part of the work having been performed, and accepted, the plaintiff was entitled to recover therefor on a quantum meruit, but defendant would be entitled to retain so much of the 50 per mile as would equal the amount of damage resulting to it from the failure of the plaintiff to complete the work. No proof was made of any such damage.

Plaintiff testified to the amount of work done and the reasonable value thereof, which was not controverted, and defendant's own statement, in evidence, shows an indebtedness to the plaintiff, "leaving out of account the $50 per mile which defendant has the right to retain." Hence there was no error in the giving of the charges requested by the plaintiff, nor in refusing the charges requested by the defendant.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.