67 So.2d 853

**YARBROUGH REALTY CO. v. BARAR.**

**3 Div. 954.**

Court of Appeals of Alabama.

Oct. 27, 1953.

Capell, Howard & Cobbs and Lawrence J. Fassman, Jr., Montgomery, for appellant.

W. Ervin James, Montgomery, for appellee.

**HARWOOD, Judge.**

This was a suit to recover $500 paid by the plaintiff as a binder, or earnest money on a contract to purchase real estate.

The complaint was on the common counts for money had and received, and issue was joined on a plea in short by consent.

The defendant, Yarbrough Realty Company, had been given a contract by the owners of the property to sell the same on a commission basis.

On June 23, 1951, after viewing the property, the plaintiff entered into a contract for the purchase. The purchase price was to be $12,032.36, with a $500 binder paid on signing the contract, and $1,750 to be paid on closing the sale, and the assumption of a mortgage on the property by the plaintiff in the amount of $9,782.36.

Paragraph 8 of the contract provided that:

"Party of the second part attaches hereto a check in the amount of $500.-00 to act as good-will money and to be applied on the purchase price at the consummation of sale. Should the purchaser fail to carry out this contract in accordance with all its provisions, the earnest money as shown herein shall be forfeited as liquidated damages at the option of the seller and the earnest money so forfeited shall be divided between seller and the agent. Or seller may proceed for specific performance and agent shall be entitled to his commission."

The plaintiff paid to the defendant the $500 binder pursuant to the contract.

The plaintiff testified that later on the same day, which was a Saturday, finding he could not raise the $1,750 he went to defendant's office to advise them of this fact, but found the office closed. The following Monday morning plaintiff returned and advised the defendant he could not complete the transaction and requested a return of the binder money. The defendant asked the plaintiff to make further efforts.

On June 30, 1951, one week later, the plaintiff's attorney advised the defendant that the plaintiff was unable to complete the transaction, and offered to pay any damages that could be agreed on.

The defendant thereupon refused to return the $500 paid by the plaintiff as a binder.

Over the defendant's objections the plaintiff was also permitted to introduce evidence tending to show that the defendant on July 9, 1952 bought the house from the seller for the same sum as that agreed to by the plaintiff, the seller agreeing to release her one-half interest in the $500 binder, and further that the property was sold on July 10, 1952 for the sum of $12,-500.

In his oral charge to the jury the court instructed the jury that they were to determine whether the stipulation as to the binder provided for liquidated damages, or for a penalty.

An exception was duly reserved to such instructions by the court.

■ It is virtually the unanimous rule of all jurisdictions that whether a stipulation is for liquidated damages or for a penalty is a question of law for the court. McCormick on Damages, Section 157; 15 Am. Jur. Section 242.

It is the clear implication of the doctrines of our cases that the rule in Alabama is in accord with this general view. Keeble v. Keeble, 85 Ala. 552, 5 So. 149; Stratton v. Fike, 166 Ala. 203, 51 So. 874; Henderson-Boyd Lumber v. Cook, 149 Ala. 226, 42 So. 838.

■ The court therefore erred in that portion of its oral charge submitting to the jury for its determination the character of the stipulation involved in the contract in this case, that is whether the stipulation called for liquidated damages or for a penalty.

The court also erred in giving plaintiff's requested charge No. 8.

■ This charge is misleading and erroneous in that it denies the validity of all stipulations for liquidated damages. The validity of such stipulations has been upheld in innumerable of our decisions from our earliest judicial history, where from the nature of the contract damages are uncertain and the amounts provided as damages in case of breach are not out of all proportion to probable damage.

Numerous other points are urged in appellant's brief as constituting error. Being clear to the conclusion that the two points already written to compel a reversal of this cause we will pretermit a discussion of these additional points.

Reversed and remanded.