This appeal is concerned with the proper construction of a liquidated damages provision in a land sale contract. A short rendition of the facts and history of the case will be helpful to an understanding of the present proceeding.
In March 1979 Brown agreed to purchase a small parcel of land from Cook for $123,000. Brown's wife, a licensed real estate agent, prepared the sales contract which *Page 144 
the parties signed. As part of the contract, Brown gave Cook $10,000 as earnest money. The contract authorized Cook to retain this money as liquidated damages in the event Brown breached the contract. The contract also provided that it was subject to the property being rezoned to light industrial within ninety days.
Cook hired an attorney to obtain the necessary rezoning. Cook's attorney immediately began to take action to get the property rezoned. However, in April 1979, Brown advised Cook that he wanted to rescind the contract because Cook had misrepresented to Brown that there were no flooding problems on the property. Cook still continued with his efforts to have the property rezoned.
In July 1979 Brown filed suit against Cook asking that the contract be rescinded. Brown also asked for return of the $10,000 earnest money. Brown alleged the misrepresentation of the water problems. Brown also averred that the property had not been rezoned within ninety days of the acceptance of the contract.
The trial court sitting without a jury found no misrepresentations about water problems but did conclude that the contract was not enforceable; yet the court found that the liquidated damages provision was void as a penalty and then held, in effect, that Brown had breached the agreement, and awarded Cook $5,000 of the $10,000 earnest money previously given to him. On appeal this court upheld that portion of the trial court's judgment finding no misrepresentation about water problems on the property but reversed that portion of the judgment relating to the enforceability of the contract. SeeCook v. Brown, 393 So.2d 1016 (Ala.Civ.App. 1981) for a complete rendition of the facts and the solution to the issues there involved. On remand the trial court, without taking additional evidence, concluded that the contract was enforceable but that the liquidated damages provision of the contract was void as a penalty and thus unenforceable. The court then held that the contract had been breached by Brown and awarded Cook $5,000 as damages. It then ordered Cook to repay to Brown the balance of the $10,000 earnest money previously given to Cook. Cook appeals and Brown cross-appeals.
Cook's sole issue on this appeal is whether the liquidated damages provision of the contract is enforceable. Cook contends that the provision should have been upheld.
Determining whether a liquidated damages provision is valid is a question of law to be determined by the trial court based on the facts of each particular case. McClure v. Daniel,45 Ala. App. 558, 233 So.2d 500 (1970); Yarbrough Realty Co. v.Barar, 37 Ala. App. 342, 67 So.2d 853 (1953). We will therefore look to the facts contained in the record to determine if the provision will be upheld as a liquidated damages clause or struck down as an invalid penalty.
A penalty is, in essence, a security for performance, designed to punish one party for breach of the agreement. A liquidated damages provision, on the other hand, is an amount to be paid in lieu of performance, a sum agreed upon by the parties to be an adequate assessment of damages which would result from a possible breach. 25 C.J.S. Damages § 101 (c) (1966); C. McCormick, Handbook on the Law of Damages § 146 (1935). In construing provisions such as the one in question, the court will always seek to ascertain the intention of the contracting parties. McClure v. Daniel, supra. Mere denomination of the clause as one or the other is not conclusive of its real character. Courts, however, are disposed to lean against any interpretation of the contract which will make the provision one for liquidated damages and, in all cases of doubtful intention, will pronounce the stipulated sum a penalty. Id.
In the present case the evidence suggests that the parties intended the provision for the retention of the $10,000 earnest money by Cook to be a penalty rather than as a measure of the damages for a breach thereof. Prior to executing the contract, Brown proposed a tender of $65,000 as earnest money; Cook stated such a sum was *Page 145 
unnecessary; Brown then suggested a $10,000 deposit and Cook accepted it. Nowhere does it appear that the parties actually anticipated a breach of contract or that they negotiated for an acceptable measure of possible damages in the event of a breach. Consequently, we conclude that the $10,000 deposit as earnest money was not intended to be a liquidated damages provision of the contract. The provision being void as a penalty, Cook cannot, under this theory, validly retain the $10,000 earnest money paid to him by Brown.
This finding does not, however, preclude Cook from recovering damages for Brown's breach of contract. The trial court did, in fact, assess damages in the amount of $5,000 in favor of Cook for Brown's breach of the contract, but we are unable to find any evidence to support an award of $5,000 for the contract breach. Consequently, this aspect of the trial court's judgment is reversed.
On his cross-appeal Brown argues that Cook failed to obtain the necessary rezoning within ninety days as provided in the contract. Cook proceeded as rapidly as possible to obtain the rezoning. On June 1, 1979 the rezoning was approved. Brown, however, claims that the rezoning was not complete because a covenant for site grading and drainage had to be approved. This argument is without merit. It is clear that Cook was not in a position to file these covenants. This was a matter for Brown's architects. As for Cook, he had met his obligation as far as he could. The rezoning was approved, and it necessarily follows that Brown's architects would have developed the necessary drainage plans had Brown wished to go through with the purchase of the property. Brown, however, had repudiated the contract on April 12, 1979. He said that he no longer wanted to buy the property and asked Cook for the return of the earnest money. Cook declined to return the earnest money and proceeded to complete the rezoning. Cook still proceeded to obtain the rezoning even after Brown had expressed his intention to rescind. Brown cannot now contend that Cook violated the rezoning provision when he had already told Cook that he did not intend to purchase the property and thus breached the agreement. This aspect of the trial court's judgment is affirmed.
That aspect of the trial court's judgment awarding Cook $5,000 as damages for the breach of the agreement is reversed, and the cause is remanded to allow the parties to present evidence as to the amount of damages, if any, due Cook for Brown's breach of the sales agreement.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.