This is an appeal in connection with a real estate sales contract.
We note from the outset that the present appeal marks the third time that this case has appeared before this court, and for this reason we shall recount the facts only in outline form. Readers who desire greater detail are referred to our opinions in Cook v. Brown, 393 So.2d 1016 (Ala.Civ.App. 1981), and Cook v. Brown, 408 So.2d 143 (Ala.Civ.App. 1981). During the month of March 1979, Brown and Cook entered into a contract for the sale of real estate owned by Cook. The purchase price was to be $123,000, and Brown gave a $10,000 check as earnest money. On April 12, 1979 Brown notified Cook that he intended to rescind the contract and sought to recover his $10,000 deposit on grounds of misrepresentation in connection with a flooding problem on the property. The trial court held that the contract was unenforceable and that retention of the $10,000 deposit was unconscionable. It nevertheless awarded Cook $5,000. In Cook v. Brown, 393 So.2d 1016 (Ala.Civ.App. 1981), we reversed that part of the judgment dealing with the $5,000 award, saying that the trial court's verdict was inconsistent. On remand the trial court found that the contract was enforceable and awarded Cook $5,000 for Brown's breach. We held, in Cook v. Brown, 408 So.2d 143 (Ala.Civ.App. 1981), that the liquidated damages provision was void as a penalty. We went on to say that:
 "This finding does not, however, preclude Cook from recovering damages for Brown's breach of contract. The trial court did, in fact, assess damages in the amount of $5,000 in favor of Cook for Brown's breach of the contract, but we are unable to find any evidence to support an award of $5,000 for the contract breach. Consequently, this aspect of the trial court's judgment is reversed."
After hearing additional evidence, the trial court found that Cook had not met his burden of proving damages. Cook subsequently appealed from that judgment, claiming that he had presented sufficient evidence to entitle him to recover interest under the contract, interest on the value of the money he would have received from the contract price, and the difference between the contract price and the market value of the property at the date of the breach.
Citing our supreme court's decision in B M Homes, Inc. v.Hogan, 376 So.2d 667 (Ala. 1979), and Geohagan v. GeneralMotors Corp., 291 Ala. 167, 279 So.2d 436 (1973), Cook relies on the time-honored rule that damages for the breach of a land sale contract are aimed at restoring the injured party to the position he would have been in if the contract had been honored and claims that this rule demands that he be awarded interest on the unpaid purchase price. According to a certified public accountant's computations based on the contract rate of eight and one-half percent per annum, Cook claims that he is due $14,493 over and above any other damages which *Page 61 
may be awarded to him. While we readily agree that the nonbreaching party in a land sale contract is entitled to be placed in the same position he would have been in if the contract had been honored, we cannot agree that it will take an award of $14,493 in interest to place Cook in such a position. The main thrust of Cook's argument on the issue of interest is that under Nicolopoolos v. Hill, 217 Ala. 589, 117 So. 185
(1928), an independent covenant in a land sale contract can be enforced even though the principal consideration has not moved between the parties. His position is based on the contention that the promise to pay interest at an eight and one-half percent annual rate was not given in exchange for the promise to convey the land but rather was consideration for the extension of the $123,000 purchase price in credit. We do not, however, find this case to be dispositive of the issue at hand. While Brown rescinded the contract and Cook elected to seek damages for the loss of his bargain, he retained the land and sought a remedy which would restore him to the position he would have been in had the contract been honored.
While our supreme court has allowed consequential damages in connection with the breach of a land sale agreement in Ashurstv. Rosser, 275 Ala. 163, 153 So.2d 240 (1963), an award of interest would not fall under this category but rather would stem directly from the breached agreement. In the instant case the extinguishment of the agreement and possible benefit of the bargain damages together with such out-of-pocket damages as he could prove would relieve Cook of any harm flowing directly from the breach. We find the reasoning of the California Court of Appeals in Abrams v. Motter, 3 Cal.App.3d 828, 83 Cal.Rptr. 855
(1970), where the court refused to allow pre-judgment interest in connection with benefit of the bargain damages, to be applicable to the case at bar. There, the court said:
 "When a seller, in face of the buyer's refusal to purchase, ultimately seeks damages only, he relieves the buyer of his obligation, and the law substitutes for the seller's rights under the contract (1) the property free of the buyer's right to purchase, and (2) the loss of bargain damages."
Here, just such a substitution has taken place. Brown's repudiation and Cook's election to pursue a damage remedy relieved Brown of his obligation to pay interest under the contract. Any other decision would allow Cook to receive a windfall.
Similarly, we do not find merit in Cook's claim that he should be awarded interest to compensate him for the loss of earnings he would have received had the purchase price been paid. Cook argues that under Internal Revenue Service rules he would have loaned a similar sum of money to his wholly-owned corporation at an interest rate in excess of sixteen percent. According to calculations made by a certified public accountant, this would have earned Cook $95,664.11. It is axiomatic in the law of contracts that damages may not be awarded where they are remote or speculative. Armour Co. v. Cartledge, 234 Ala. 644,176 So. 334 (1937). Moreover, those damages which are ultimately recoverable must flow directly from the breach or must have been within the contemplation of the parties at the time the contract was made. Birmingham Water Works Co. v. Ferguson, 164 Ala. 494,51 So. 150 (1909). Cook, in advancing the position that he is due damages as compensation for his loss of earnings on the purchase money, relies heavily on the fact that the sum of $95,664.11 was derived from a certified public accountant's calculations. This, however, does not add certainty to his claim, nor does it show that such damages were within the contemplation of the parties at the time of contracting. For these reasons we are unable to award Cook damages for lost earnings potential.
Cook finally contends that even if he is not entitled to receive interest at the rate specified in the contract and interest which he lost when the purchase price was not paid, he is still able to recover damages based on the difference between the contract price and the market value at the date *Page 62 
of breach. At trial and in his brief, Cook supports his position by a mathematical calculation based on the United States Government Consumer Price Index. This calculation yielded a figure of $47,586. We readily agree that the measure of damages for the breach of a land sale contract is the difference between the contract price and the market value at the date of the breach. Howison v. Oakley, 118 Ala. 215,23 So. 810 (1898). However, we do not believe that the use of the Consumer Price Index establishes fair market value. InDeMoville v. Merchants Farmers Bank, 233 Ala. 204,170 So. 756 (1936), our supreme court said:
 "The yardstick of `reasonable market value' fixed by the law in a proper case for the purpose of ascertaining values, by courts and juries, presupposes a market for the class of property, the subject-matter of the litigation, and where there is no market at the time for such property, other elements are to be taken into consideration, such as the original costs, the costs of the buildings or improvements, rents, the adaptability for future use and enjoyment, and the opinion of witnesses in a position to have a correct judgment as to the values." (Citations omitted.)
Without question, there is a market in real estate in Alabama, and the use of the Consumer Price Index fails to establish the prices in such a market. We do not say that there are no situations under which the use of such statistics could be relevant; however, we do not believe that it conclusively establishes market value in the instant case. For this reason the trial court was correct in finding that Cook had failed to meet his burden of proving damages and in denying him a recovery.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.