This case arises out of a contract dispute between Milton Construction Company, Inc., and the State of Alabama Highway Department. In Milton Construction Co. v. State Highway Dep't,568 So.2d 784 (Ala. 1990) ("Milton I"), we held that the clause in the contract between these parties, which authorized the Highway Department to withhold money as disincentive payments for projects not completed by the deadline, was void and unenforceable as a penalty.[1] In that case we reversed the judgment of the trial court and remanded the case for further proceedings consistent with our opinion.
On remand, Milton Construction filed a motion for summary judgment based upon this Court's opinion in Milton I. The Highway Department then filed an amended counterclaim, seeking damages for the "road user costs"[2] caused by Milton Construction's alleged breach of the contract and a motion in opposition to Milton Construction's motion for summary judgment. Milton Construction then filed a motion to dismiss the amended counterclaim. The trial court entered a judgment holding that the disincentive clause in the contract was void and that the Highway Department must reimburse Milton Construction the $534,000 withheld from payment under the disincentive clause in the contract, and the trial court dismissed the Highway Department's amended counterclaim. The trial court denied Milton Construction's motion for prejudgment interest. The court dismissed the Highway Department's amended counterclaim.
The Highway Department appealed on the grounds that the trial court erred in not allowing it to amend its counterclaim to seek actual damages under the contract and that the doctrine of sovereign immunity prohibits the Highway Department from reimbursing Milton Construction for the money it had withheld under the disincentive clause of the contract. Milton Construction filed a cross-appeal on the grounds that the trial court had erred in not granting its motion for the award of prejudgment interest. We affirm in part; reverse in part; and remand. *Page 874 
 I. User Costs
The Highway Department argues that the trial court erred because it dismissed the amended counterclaim, which sought a recovery of user costs allegedly caused by Milton Construction's breach of the contract. The Highway Department says that even though this Court held that the disincentive provision of the contract was void, the language of that provision still allows the Highway Department to prove and recover user costs caused by Milton's delay. The disincentive clause states as follows:
 "The contractor's attention is directed to the fact that it is in the public's best interest to complete the project at the earliest possible date taking into account the traffic control plan and sequence of construction specified in the plans. The final completion of the entire project and final acceptance by the department must be accomplished within 330 calendar days [in the I-65 project; 210 in the I-59 project]."
Milton I, 568 So.2d at 786.
The Highway Department relies in large part on the decision in Cook v. Brown, 408 So.2d 143 (Ala.Civ.App. 1981). In Cook, the Court of Civil Appeals held that a "liquidated damages" provision contained in a contract between the parties was void as a penalty. The court reversed the trial court's judgment and remanded the case with instructions. In its opinion, the court stated that its finding that the liquidated damages provision was void did not prevent Cook from recovering actual damages caused by Brown's breach of the contract. The Highway Department urges this Court to apply Cook to this case and hold that although the disincentive clause was void, the Highway Department may amend its counterclaim to seek user costs caused by Milton Construction's delay in completing the contract. We hold, however, that Cook is distinguishable from this case.
In Milton I we held that the disincentive clause of the contract between Milton Construction and the Highway Department was void as a penalty and that it was not intended to provide "compensation for any delay caused to the Highway Department orto the public." Milton I, 568 So.2d at 791 (emphasis added). Unlike the contract in Cook, the instant contract contained a liquidated damages clause and the invalid disincentive clause. When the court in Cook invalidated the liquidated damages clause as a penalty, the parties were left to recover actual damages. Here, the Highway Department has already recovered under the default and liquidated damages clauses of the instant contract. Milton I, 568 So.2d at 786-87, 791. Now the Highway Department seeks to recover user costs in addition, on the ground that the contract provided that both the disincentive clause and the liquidated damages clause applied in case of deadline overruns.
We have already held the following:
 "The recovery of 'all costs' by the Highway Department upon Milton's default in either the I-65 Project or the I-59 Project, along with the additional recovery of liquidated damages for delay, would certainly justly compensate the Highway Department for any injury; any further compensation would pass the limit of reasonableness."
Id. That is, the Highway Department's recovery under the contract's default provisions and liquidated damages provisions provide it with full compensation. Whether the additional damages are characterized as disincentives or as user costs, they would pass the "limit of reasonableness."
The Highway Department's recovery of such damages was specifically foreclosed by our decision in Milton I, wherein this Court held that the disincentive clause was a penalty and not a means of recovering damages for the travelling public. The same analysis applies to the claim for recovery of user costs, and the Highway Department is equally foreclosed. Although the Highway Department can not recover user costs in this case, we do not foreclose the possibility that the Highway Department may recover such costs caused by contract delays in highway construction contracts where the contract allows for such damages and those damages do not constitute a penalty. Therefore, we hold *Page 875 
that the trial court did not err in dismissing the Highway Department's amended counterclaim seeking an award of user costs.
 II. Sovereign Immunity
The Highway Department next argues that, because of the doctrine of sovereign immunity, it can not be made to pay the $534,000 that it withheld from Milton under the void disincentive provision of the contract. The Highway Department argues that any action that seeks to compel the state, or a state agency (e.g., the Highway Department), to perform any contract or to pay any debt is barred under Ala. Const., art. I, § 14. We disagree.
It is true that § 14 of the Constitution prevents a suit against the state as well as suits against its agencies. SeePhillips v. Thomas, 555 So.2d 81 (Ala. 1989); Rutledge v.Baldwin County Comm'n, 495 So.2d 49 (Ala. 1986). However, this Court has also recognized that there are certain established exceptions to the protection afforded the state or its agencies by sovereign immunity. See Ex parte Carter, 395 So.2d 65, 68
(Ala. 1981). Among those recognized exceptions are actions brought to force state employees or agencies to perform their legal duties. Id. See also Nix and Vercelli, ImmunitiesAvailable In Alabama For Cities, Counties And OtherGovernmental Entities, And Their Officials, 13 Am.J. Trial Advoc. 615 (1989).
Ala. Code 1975, § 23-1-40 states that it is the Highway Department's duty to maintain the roads of this state, and §23-1-53 authorizes the Highway Department to make contracts for the construction or maintenance of highways, roads, or bridges in the state. Section 23-1-62(b) provides that the Highway Department use a portion of the funds appropriated to it for the expense of maintaining the roads. Pursuant to these statutes, the Highway Department contracted with Milton Construction to work on Interstate Highway 65 and Interstate Highway 59. See Milton I, 568 So.2d at 785-86. Once the Highway Department has legally contracted under state law for goods or services and accepts such goods or services, the Highway Department also becomes legally obligated to pay for the goods or services accepted in accordance with the terms of the contract. It follows that this obligation is not subject to the doctrine of sovereign immunity and is enforceable in the courts. See, e.g., Gunter v. Beasley, 414 So.2d 41 (Ala. 1982);State Board of Administration v. Roquemore, 218 Ala. 120,117 So. 757 (1928).
It is undisputed that Milton Construction has already rendered the services called for under the contract. Consequently, we hold that this lawsuit is not barred by the doctrine of sovereign immunity, because it is in the nature of an action to compel state officers to perform their legal duties and pay Milton Construction for services contracted for and rendered. Gunter, supra; Roquemore, supra.
For example, in Roquemore the Highway Department contracted with Roquemore to purchase hay. After Roquemore had delivered a substantial amount of hay to the Highway Department, it refused to accept any further deliveries of hay and refused to pay for the hay that it had already received. Roquemore petitioned this Court for a writ of mandamus ordering the State Board of Administration[3] and the Highway Department to pay him for the hay that he had delivered. This Court held that the writ was proper and was not barred by the doctrine of sovereign immunity because, under the applicable statutes, the Highway Department could not refuse to pay for goods that it had already accepted. This Court held that the suit in Roquemore was one to force a state agency to perform its legal duty, i.e., to force the Highway Department to pay for the hay that it had already accepted. Likewise, in this case, Milton Construction's action against the Highway Department is not barred by the doctrine of sovereign immunity.
 III. Prejudgment Interest
Milton Construction cross-appeals the trial court's refusal to grant it prejudgment *Page 876 
interest on the proceeds that the Highway Department withheld. Milton Construction argues that this Court should extend its decisions in Elmore County Commission v. Ragona, 561 So.2d 1092
(Ala. 1990) (post-judgment interest recoverable from counties), and Jefferson County v. City of Birmingham, 235 Ala. 199,178 So. 226 (1938) (post-judgment interest recoverable from municipalities), to state agencies. As a general rule, a governmental agency is not liable for interest payable as damages for improperly withheld funds unless so stipulated by a contract or by a statute. Hogan v. City of Huntsville, 288 Ala. 595, 264 So.2d 155 (1972); Jefferson County, supra.
Ala. Code 1975, § 8-8-8, provides as follows:
 "All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or other thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed."
This Court has interpreted this statute to mean that " '[a]ll liquidated demands for a sum certain, fixed by agreement or otherwise, bear interest from the time the party becomes liable and bound to pay them.' " Miller Co. v. McCown, 531 So.2d 888
(Ala. 1988), quoting C. Gamble, Alabama Law of Damages, § 8-7 (1988).
In Jefferson County, supra, we held that the statutes providing for the payment of prejudgment interest, § 8-8-8, and post-judgment interest, § 8-8-10, were broad enough to apply to counties. See also City of Birmingham v. Simmons, 222 Ala. 309,132 So. 322 (1931) (predecessor to Ala. Code 1975, § 8-8-10, broad enough to include municipalities). Milton Construction argues that the reasoning this Court used to apply § 8-8-8 and § 8-8-10 to counties and municipalities also applies to state agencies. We agree.
When construing a statute, the duty of the Court is to ascertain the legislative intent from the language used in the statute, and, thus, when the statutory pronouncement is clear and not susceptible to different interpretations, it is the paramount judicial duty of the Court to abide by the clear pronouncement, not to amend or repeal the statute under the guise of judicial interpretation. Parker v. Hilliard,567 So.2d 1343 (Ala. 1990). Section 8-8-8 states that it applies to all
contracts, and the language used does not limit the operation of the statute so as to exclude state agencies. The Highway Department has cited us to no other statute that would exclude it from the operation of § 8-8-8, and we are unaware of such a statute. We hold that the language of the statute is broad enough to encompass actions against the state and its agencies. Therefore, we hold that § 8-8-8 is applicable to the Highway Department. Because the trial court made no findings in regard to prejudgment interest, we remand this case to the trial court to determine the amount of prejudgment interest due.
The judgment is affirmed to the extent that it denied the Highway Department a recovery of "user costs" and ordered the Highway Department to pay the money withheld under the void disincentive provision; it is reversed insofar as it denied an award of prejudgment interest on the amount withheld; and the cause is remanded for a determination and award of prejudgment interest.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The facts in this case are stated in Milton I and need not be repeated in this opinion. However, we point out that Milton Construction and the Highway Department actually entered into two contracts for similar projects on two different highways. Except for the dollar amounts, these contracts contained identical disincentive and liquidated damages clauses. For the purpose of this opinion, we refer to these contracts in the singular.
[2] The Highway Department defines damages for "road user costs" as "the daily cost of the traveling public due to delays caused by [the highway construction projects]." The Highway Department alleges that the amount of the road use costs are between $30,000 and $40,000 per day of delay.
[3] The State Board of Administration was required to approve and audit any bill owed by the Highway Department before the payment could be made.