**R.E. GRILLS CONSTRUCTION CO., Inc., Plaintiff,**

v.

**ALABAMA DEPARTMENT OF TRANSPORTATION; Paul Bowlin, Defendants.**

No. CV–02–BU–0510–S.

United States District Court,
N.D. Alabama,
Southern Division.

April 25, 2002.

Michael J. Brandt, Larry S. Logsdon, Wallace, Jordan, Ratliff & Brandt, LLC, Birmingham, AL, for Plaintiff.

Jim R. Ippolito, Jr., Gilda B. Williams, Robert M. Alton, III, Alabama Department of Transportation, Montgomery, AL, Bill Pryor, Office of the Attorney General, Alabama State House, Montgomery, AL, for Defendants.

## ORDER

BUTTRAM, District Judge.

This case is presently pending before the Court on Defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss. Doc. 5. For the reasons set forth below, Defendants' motion to dismiss is GRANTED and Plaintiff's claims are hereby DISMISSED.

Plaintiff filed this action alleging that Defendants wrongfully terminated the contract between Plaintiff and the Alabama Department of Transportation [hereinafter "ALDOT"]. Plaintiff's complaint contains four counts:

Count One—Injunctive Relief. In this count, Plaintiff asks the Court to enjoin Defendants from awarding the contract to another entity. Doc. 1, ¶¶ 13–16.

Count Two—Action to Compel Performance of Legal Duties and Ministerial Acts. Plaintiff asks the Court to order Defendants to perform according to the contract and "applicable law, including the Alabama Competitive Bid Law, codified at *Ala.Code* §§ 39–2–1, *et seq.,* and the Prompt Payment Act, codified at *Ala.Code* §§ 41–16–3, *et seq." Id.* ¶¶ 17–19.

Count Three—Violation of 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his right to due process by revoking a state-created property interest without "proper notice and a hearing" and in a manner that was "arbitrary and capricious."[1] *Id.* ¶¶ 20–24.

Count Four—Declaratory Judgment. Plaintiff asks the Court to declare that

---

1. Section 1983 creates no substantive rights, but is merely a mechanism for vindicating federal rights elsewhere created. *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (citing *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979)).

Plaintiff states that its state created property rights were revoked without notice and a hearing and in a manner that was arbitrary and capricious. Thus, Plaintiff has alleged a procedural due process violation. *See Bowman v. Alabama Dept. of Human Resources,* 857 F.Supp. 1524, 1528–29 (M.D.Ala.1994)

the contract at issue is in full force and effect.

Count Five—Violation of the Takings Clause. Plaintiff alleges that the revocation of the contract without just compensation effects a Constitutional taking. *Id.* ¶¶ 29–31.[2]

Defendants contend that all claims contained in Plaintiff's complaint are due to be dismissed.

The standard for deciding a motion to dismiss is well-settled in this Circuit:

> When reviewing the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), this Court must accept the allegations set forth in the complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), *see also, Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) ("We may not affirm unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.").

*Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir.1993); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir.1994). Thus, a claim may be dismissed for failure to state a claim only if it is clear that no relief could be granted under any set of facts consistent with the allegations.

*Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232–33; *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Defendants move to dismiss the claims against the Alabama Department of Transportation [hereinafter "ALDOT"], *inter alia*, because Plaintiff's claims are barred by the State's Eleventh Amendment immunity from suit in federal court. The Court finds that ALDOT is entitled to Eleventh Amendment immunity as to Plaintiff's claims.

The Eleventh Amendment to the United States Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST.amend. XI. This Amendment bars suits against the State brought by its own citizen as well suits brought by the citizen of another State. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). "Congress has not abrogated Eleventh Amendment immunity in section 1983 cases." *Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir.1995) (quoting *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir.1990)).

There are exceptions to the State's immunity;[3] Plaintiff raises two of them. It

---

(citing *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994)).

2. The Court notes that Plaintiff did not allege a § 1983 claim, which is the "exclusive federal remedy" for vindicating rights provided by the Takings Clause. *See Pearson v. Macon-Bibb County Hosp. Authority*, 952 F.2d 1274, 1278 (11th Cir.1992); *see, e.g., Harbert International, Inc. v. James*, 157 F.3d 1271, 1275 (11th Cir.1998).

3. "The Supreme Court has recognized three situations in which there is a 'surrender' of Eleventh Amendment sovereign immunity: (1) when a state waives its Eleventh Amend-

ment sovereign immunity and consents to suit in federal court; (2) when Congress, acting pursuant to § 5 of the Fourteenth Amendment, abrogates a state's Eleventh Amendment sovereign immunity by expressing an unequivocal intent to do so; and (3) when a state official is sued for prospective injunctive relief to end a continuing violation of federal law." *Harbert International*, 157 F.3d at 1278 (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55–73, 116 S.Ct. 1114, 1123–32, 134 L.Ed.2d 252 (1996); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985); *Ex parte Young*, 209 U.S. 123, 155–56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908)).

contends that ALDOT's receipt of federal funding waives its Eleventh Amendment immunity and that it may sue ALDOT for prospective injunctive relief. Doc. 8, pp. 3–4.

■ In support of its argument that ALDOT has waived its Eleventh Amendment immunity by accepting federal funding, Plaintiff cites the Court to *Sandoval v. Hagan*, 197 F.3d 484, 500 (11th Cir.1999) and *Hatmaker v. Georgia Department of Transportation By and Through Shackelford*, 973 F.Supp. 1047, 1053 (M.D.Ga. 1995). These cases involved waivers of Eleventh Amendment immunity based on specific Congressional statute enacted pursuant to the Spending Clause of the Constitution.

The law is well established that:

Under the Spending Clause waiver theory, a state may waive its sovereign immunity by accepting federal funds. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n. 1, 105 S.Ct. 3142, 3145 n. 1, 87 L.Ed.2d 171 (1985) ("a State may effectuate a waiver of its constitutional immunity by . . . waiving its immunity to suit in the context of a particular federal program"); *Sandoval*, 197 F.3d at 492–93. But a Spending Clause waiver requires an "unequivocal indication" by Congress that a State accepting funds thereby waives its claim to immunity—either " 'by the most express language or by such overwhelming implication from the text as (will) leave no room for any other reasonable construction.' " *Edelman*, 415 U.S. at 673, 94 S.Ct. at 1347 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)).

*Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Services*, 225 F.3d 1208, 1226 n. 13 (11th Cir.2000). The cases relied on by Plaintiff contain such "unequivocal" Congressional indications. *See San-*

*doval*, 197 F.3d at 500 (relying on 42 U.S.C. § 2000d–7 to find that State was not immune from § 1983 discrimination claim); *Hatmaker*, 973 F.Supp. at 1053–54 (relying on 23 U.S.C. § 138 to find that State was not immune from case asserting a violation of § 138, which provides that federally-funded highway projects must protect certain parklands and historic sites). Plaintiff has cited no Congressional enactment waiving the State's Eleventh Amendment immunity in cases such as the instant action alleging wrongful contract revocation or termination, and, indeed, it appears that no such Congressional enactment exists.

Therefore, the Court finds that ALDOT has not waived its Eleventh Amendment immunity for the purposes of this case based on its acceptance of federal highway funding.

■ Plaintiff also alleges that it may proceed against ALDOT for prospective injunctive relief. Clearly, this argument misconstrues the caselaw on this point. Many cases, including the ones cited by Plaintiff, recognize an exception to Eleventh Amendment immunity as to official-capacity state actors sued for prospective injunctive relief. This immunity does not extend to the State or a State agency. *See Kentucky v. Graham*, 473 U.S. 159, 169 n. 18, 105 S.Ct. 3099, 3107 n. 18, 87 L.Ed.2d 114 (1985) ("In an injunctive or declaratory action grounded on federal law, the State's immunity can be overcome **by naming state officials** as defendants) (emphasis added; original emphasis deleted), *cited in Hatmaker*, 973 F.Supp. at 1054. Thus, ALDOT cannot be sued for prospective injunctive relief in federal court.

Therefore, the Court finds that ALDOT has Eleventh Amendment immunity for all claims asserted by Plaintiff. Defendants' motion to dismiss ALDOT is GRANTED;

all claims against Defendant ALDOT are DISMISSED WITHOUT PREJUDICE.

■ The same reasoning applies to the § 1983 claims against Bowlin in his official capacity, except those claims for prospective injunctive relief. Defendant's motion to dismiss is GRANTED as to the claims against Bowlin in his official capacity—except to the extent Plaintiff seeks prospective injunctive relief. Such claims against Bowlin in his official capacity are DISMISSED WITHOUT PREJUDICE.

As for the § 1983 claim for prospective injunctive relief against Bowlin in his official capacity and the § 1983 claims against Bowlin in his individual capacity, the Court finds that Defendants' motion to dismiss is due to be granted on the ground that Plaintiff's complaint fails to state a claim for which relief may be granted.

■ Plaintiff alleges two § 1983 claims—one alleging a violation of its right to procedural due process and one alleging a Constitutional taking without just compensation.[4] Plaintiff's procedural due process claim is due to be dismissed because it has failed to allege that the State does not provide adequate procedures to remedy the alleged procedural deficit,[5] and the Court finds that the State of Alabama provides a remedy for this type of contract action.[6] *See Cotton v. Jackson,* 216 F.3d 1328, 1330–1331 (11th Cir.2000); *see also Horton v. Board of County Commissioners of Flagler County,* 202 F.3d 1297, 1300–01 (holding that there is no due process violation if the State provides an adequate remedy for the claimed procedural deprivation).

Therefore, Plaintiff has failed to state a § 1983 claim for a procedural due process violation. Defendants' motion to dismiss is GRANTED; Plaintiff's § 1983 due process claims against Bowlin in his individual capacity and his official capacity for prospective injunctive relief are DISMISSED WITH PREJUDICE.

■ Plaintiff's § 1983 takings clause claim is also due to be dismissed as such claim is not ripe. The Eleventh Circuit has held:

[T]he property owner must allege either that the state law provides him no process for obtaining just compensation

---

4. See, *supra,* pp. 1298–99 and notes 1 & 2.

5. *Cotton v. Jackson,* 216 F.3d 1328, 1330–31 (11th Cir.2000).

Assuming a plaintiff has shown a deprivation of some right protected by the due process clause, we—when determining if a plaintiff has stated a valid procedural due process claim—look to whether the available state procedures were adequate to correct the alleged procedural deficiencies. If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process. And, to be adequate, the state procedure need not provide all the relief available under section 1983. Instead, the state procedure must be able to correct whatever deficiencies exist and to provide plaintiff with whatever process is due.... [O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise. It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora—agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation.

Citations, internal quotations, and footnote omitted.

6. *See, e.g., State of Ala. Highway Dept. v. Milton Co., Inc.,* 586 So.2d 872, 875 (Ala.1991).

(such as an action for inverse condemnation) or that the state law appears to provide such process, but due to state court interpretation, the process is inadequate. If the property owner makes either allegation, then his Fifth Amendment takings claim is ripe. If, on the other hand, he makes neither allegation (and cannot do so because the state law affords an adequate process for obtaining just compensation), his Fifth Amendment takings claim is not ripe. If such a claim is pending in federal district court, the district court *must* dismiss it for lack of subject matter jurisdiction since the owner has failed to establish an Article III "case or controversy."

*Agripost, Inc. v. Miami–Dade County, ex rel. Manager,* 195 F.3d 1225, 1231 (11th Cir.1999) (internal citations omitted; emphasis added).

Plaintiff's complaint states only that its property was taken for public use and that Plaintiff did not receive just compensation. Doc. 1, ¶ 30. The complaint mentions nothing regarding whether state law provides it some process for obtaining compensation and/or whether such process is inadequate. Therefore, the Court finds that Plaintiffs § 1983 takings claim is due to be dismissed as the Court lacks subject matter jurisdiction. Defendants' motion to dismiss Plaintiff's § 1983 taking claims against Bowlin in his individual capacity and his official capacity for prospective injunctive relief is GRANTED; such claims are DISMISSED WITHOUT PREJUDICE.

Jurisdiction over this action is based on federal question subject matter jurisdiction. Doc. 1 ¶ 6. Because the Court finds that Plaintiff's federal claims are dismissed herein, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Mergens v. Dreyfoos,* 166 F.3d 1114, 1119 (11th Cir.1999) ("[T]his Court has noted

that 'if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims.' *L.A. Draper & Son v. Wheelabrator–Frye, Inc.,* 735 F.2d 414, 428 (11th Cir.1984)."), *cert. denied* 528 U.S. 820, 120 S.Ct. 63, 145 L.Ed.2d 55 (1999).

Therefore, all remaining state law claims are hereby DISMISSED WITHOUT PREJUDICE.

## *CONCLUSION*

Based on the foregoing, all claims against Defendant ALDOT and against Bowlin in his official capacity—except to the extent Plaintiff seeks prospective injunctive relief—are DISMISSED WITHOUT PREJUDICE on the ground that such claims are barred by the State's Eleventh Amendment immunity from suit in federal court. Plaintiff's § 1983/procedural due process claims against Bowlin in his official capacity seeking prospective injunctive relief and against Bowlin in his individual capacity are DISMISSED WITH PREJUDICE. The Court finds that Alabama provides adequate state procedures to remedy the alleged procedural deprivation. Plaintiff's § 1983/takings clause claim against Bowlin in his official capacity seeking prospective injunctive relief and against Bowlin in his individual capacity are DISMISSED WITHOUT PREJUDICE. The Court finds that Plaintiff's claim is not ripe and, therefore, this Court has no subject matter jurisdiction. Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims; such claims are DISMISSED WITHOUT PREJUDICE. Costs taxed to Plaintiff.