The Alabama Department of Human Resources ("DHR") appeals an injunction ordering it to recover $977.34 in child support that it paid to the wrong recipient as a result of an error made by Ideal Truck Service, Inc. ("Ideal"), when it paid the $977.34 to DHR. We affirm.
In January 2001, the Mobile Circuit Court divorced William J. Miller, an employee of Ideal, and his wife. The divorce judgment ordered Miller to pay child support, and the circuit court entered an income-withholding order directing Ideal to withhold the child support from Miller's wages and to pay the withheld funds to the Alabama Child Support Payment Center ("the payment center"), which DHR operates through an agent. Thereafter, Ideal withheld Miller's child support from his wages and paid the withheld funds to the payment center by check. Ideal identified the checks in payment of funds withheld from Miller's wages by writing the case number of his divorce action on the checks. Upon receipt of those checks from Ideal, the payment center credited Miller with the amounts of those checks and paid the proceeds of the checks to Miller's former wife.
In November 2005, however, Ideal erroneously wrote the case number of the divorce action of a former employee of Ideal's on two checks in payment of funds withheld from Miller's wages. The two checks totaled $977.34. Upon receipt of those two checks, the payment center credited the $977.34 to the former employee and paid the $977.34 to his former wife.
After Ideal discovered its error, it filed, in Miller's divorce action, a motion seeking an instanter injunction ordering the payment center to credit Miller with the $977.34. Ideal served the motion on the payment center by regular mail. Two days later, on December 15, 2005, the trial court entered an injunction stating:
 "1. The Alabama Child Support Payment Center shall recover immediately *Page 890 
the funds in the amount of Nine hundred seventy-seven and 34/100 Dollars ($977.34) erroneously paid to the recipient Kathy J. Cobb, (Case number DR 1999-500831) and said funds shall be paid back to Ideal Truck Service, Inc. at 60 White Avenue, Fairhope, Alabama 36532.
 "2. Ideal Truck Service, Inc. is hereby ordered to pay the sum of Nine hundred seventy-seven and 34/100 Dollars ($977.34) which it withheld from [Mr. Miller's] wages to Laurie Miller's account in the above referenced case."
On January 10, 2006, DHR filed a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the injunction. As the grounds of its Rule 59(e) motion, DHR asserted (1) that it was entitled to absolute immunity pursuant to Article I, § 14, Alabama Constitution 1901, and (2) that the trial court could not issue an injunction to control an act of a State agency acting within its authority. DHR did not challenge the sufficiency of the process served upon it, the sufficiency of the service of that process, or the trial court's exercise of in personam jurisdiction over DHR. The trial court denied DHR's Rule 59(e) motion, and DHR timely appealed to this court.
On appeal, DHR challenges the sufficiency of the service of process effected upon it. However, because DHR did not challenge the sufficiency of the service upon it in the trial court, it waived its right to make that challenge. See
Rule 12(h)(1)(B), Ala. R. Civ. P. ("A defense of lack of jurisdiction over the person, . . . insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.").
DHR also argues that the trial court erred in ordering it to recover the $977.34 from the former employee's ex-wife because, DHR says, sovereign immunity immunizes it against such an injunction. We disagree. In State Highway Department v. MiltonConstruction Co., 586 So.2d 872, 875 (Ala. 1991), the supreme court stated:
 "It is true that § 14 of the Constitution prevents a suit against the state as well as suits against its agencies. However, this Court has also recognized that there are certain established exceptions to the protection afforded the state or its agencies by sovereign immunity. Among those recognized exceptions are actions brought to force state employees or agencies to perform their legal duties."
(Emphasis added; citations omitted.) Because DHR has a legal duty to pay the child support it receives to the proper recipient, see § 38-10-12(a), Ala. Code 1975 ("When any support payments are made directly to [DHR] . . ., under . . . child support programs administered by it, . . . and any payments, or any portion thereof, are due to be disbursed to the custodian of the child, [DHR] . . . shall within five working days after the day of its receipt make remittance of the amount due by mailing it to the custodian of thechild." (Emphasis added.)), it necessarily has a legal duty to recover child support it pays to the wrong recipient. DHR is not absolved of that duty in this case by Ideal's mistake in putting the wrong case number on the checks. Therefore, we affirm the order of injunction entered by the trial court.
AFFIRMED.
THOMPSON, P.J., concurs.
PITTMAN, THOMAS, and MOORE, JJ., concur in the result, without writing. *Page 891