Appeal by Thomas E. Brett, defendant, from a judgment for plaintiffs, Kenneth D. Wall and David S. Whiting, in plaintiffs' suit for specific performance, or damages in the alternative, involving the purchase and sale of land. We reverse and remand.
The parties, who are experienced real estate agents, executed a purchase agreement on a lot of land on Ono Island, near Gulf Shores, Alabama. The purchase price of $110,000 was to be satisfied by an assumption by the buyer of an existing mortgage, a second mortgage and promissory note for a portion of the remainder, and a part payment in cash. The purchase agreement also provided for $5,000 earnest money to be held in escrow by Brett Real Estate Company. A further provision stated:
 "In the event of default by Buyer, all deposits made hereunder may be forfeited as liquidated damages at Seller's election, or alternatively, Seller may retain such deposits as part payment of the purchase price and pursue his legal or equitable remedies hereunder against Buyer."
The closing date was to be "no later than March 31, 1986." When the buyer did not close the sale, the sellers filed this action. Following a trial, the trial court, on February 11, 1987, ordered the purchaser, Brett, to specifically perform the contract within 30 days or respond in damages in the amount of $15,000. This order was amended on February 20, 1987, to allow defendant to specifically perform the contract on certain alternative dates.
Defendant's motion for a new trial, or in the alternative for a modification of the *Page 798 
judgment, was filed on March 18, 1987. This motion was acted upon on July 8, 1987, with the trial court remitting the award of damages to $5,000. The defendant then gave notice of appeal from the judgment granting specific performance or, in the alternative, the $15,000 damages award.
Initially, we observe that the record does not disclose any of the permissible grounds under Rule 59.1, A.R.Civ.P., allowing the defendant's motion for a new trial to remain pending beyond the 90 days specified thereunder. Accordingly, under that rule, the motion must be deemed denied at the expiration of that 90-day period, i.e., June 16, 1987. The defendant made a timely appeal on July 23, 1987, from the order of February 20, 1987.
The defendant has presented two issues for review:
(1) Whether the trial court was correct in ordering specific performance and assessing damages in an amount exceeding the amount of liquidated damages as set forth in the purchase agreement; and
(2) Whether the trial court's award of damages was supported by the evidence.
 I.
The defendant's argument on this first issue assumes that the terms of the contract provisions themselves limit the plaintiffs' recovery to the $5,000 earnest money as provided therein. Contrary to that argument, however, neither the terms of the purchase contract nor the facts themselves disclose any error in the trial court's action. For although the contract does provide for "[e]arnest money to be held in Escrow by Brett Real Estate. Earnest money to be $5,000," in fact, no earnest money was paid. The provision for the payment of earnest money was for the benefit of the sellers, Wall and Whiting. Thus, this provision could be waived by them. Alabama Tailoring Co.v. Judkins, 205 Ala. 601, 88 So. 865 (1921). Moreover, there was testimony that the sellers allowed the purchaser to retain his earnest money. Under the facts, which clearly establish that no earnest money was paid, the trial court could have determined that this clause was waived by the seller.
Additionally, the contract provides for "all deposits" to be "forfeited as liquidated damages." But, there were no deposits; hence, there was nothing to treat as liquidated damages, and, there being none, it follows that the trial court did not err in failing to consider liquidated damages.
 II.
The trial court awarded as damages the sum of $15,000. The defendant argues that plaintiffs presented no evidence of the value of the lot on March 31, 1986, which was the last closing date available to the defendant, and further complains that, in determining the value of the lot, the trial court used property values as of the date of trial instead of values as of the date of the breach of the agreement.
Of course, the measure of damages for the breach of a contract for the sale of land is the difference between the contract price and the market value at the date of the breach.Cook v. Brown, 428 So.2d 59 (Ala.Civ.App. 1982), citing Howisonv. Oakley, 118 Ala. 215, 23 So. 810 (1898). While the plaintiffs do not argue with this proposition of law, their position is that the breach here continued to the date of the trial, and thus that their evidence of the market value of the lot as of the date of trial satisfied their burden of proof on that issue.
But, plaintiffs chose to treat the contract itself as breached by initiating this suit because, as plaintiffs alleged, "[d]efendant has failed and refused to perform the obligations and undertakings imposed upon him by the agreement." Plaintiffs further alleged substantial damages and prayed for an award of "such damages as may be found to have been suffered by them." Although plaintiffs also alleged their willingness and ability to perform the agreement, that allegation did not extend until trial the time for determining the liability of the defendant in damages. *Page 799 
The plaintiffs' evidence adduced a reasonable market value of the lot on February 11, 1987, the date of trial. There was no evidence of the reasonable market value as of the date of the breach, i.e., March 31, 1986. Plaintiffs' evidence tended to establish sales of Ono Island lots between December 1985 and July 1986 within the range of $110,000 and $115,000, but no evidence of the reasonable market value of this lot on March 31, 1986. Thus, it is clear that there was a failure of proof on the element of damages essential to plaintiffs' recovery. Accordingly, the trial court erred in concluding that, because the testimony established "that the lot has a value, a fair market value, today of $90- to $95,000, it would appear the difference in value as of the time of this contract and thetime of this judgment would be the sum of $15,000.00." (Emphasis added.)
For this error, the judgment must be reversed and the cause remanded. It is so ordered.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES and HOUSTON, JJ., concur.