INGRAM, Judge.
On March 31,1987, James Woodham and Ronald and Deborah Singletary executed a contract in which Woodham agreed to purchase certain real property from the Single-tarys for $75,000. Woodham breached the contract on June 1, and this lawsuit resulted. After a nonjury trial resulted in a decision adverse to Woodham, he appealed to this court.
The dispositive issue on appeal is whether the trial court’s award of damages was supported by the evidence.
The record reflects that the Singletarys relied on evidence that they sold the property on August 21 for $76,350 to establish its value after the breach. They also presented evidence of consequential damages in the amount of $6,719.09, to which they argued they were entitled and for which they should be compensated. The trial judge computed damages by subtracting $1,350, the difference between the sales price after the breach and the contract price, from the consequential damages. Judgment was entered against Woodham for $5,369.09, plus interest and costs.
The measure of damages for the breach of a contract involving the sale of land is the difference between the contract price and the market value at the date of the breach. Brett v. Wall, 530 So.2d 797 (Ala.1988); Cook v. Brown, 428 So.2d 59 (Ala.Civ.App.1982). Because the Singletar-ys did not present any evidence of the reasonable market value of their property at the time the sales contract was breached, we find that there was a failure of proof on the element of damages essential to the Singletarys’ recovery. Brett v. Wall, supra. Accordingly, the trial court erred in awarding damages based on evidence of the property’s value after the breach. The judgment must, therefore, be reversed and the cause remanded for entry of a judgment in Woodham’s favor.
In view of the foregoing, the other issues raised by Woodham are pretermitted.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES, P.J., and ROBERTSON, J., concur.