615 So.2d 613 (1992)
William J. WILKENS, Jr., et al.
v.
Andrew KAUFMAN.
No. 2910176-X.
Court of Civil Appeals of Alabama.
August 14, 1992.
Rehearing Denied September 18, 1992.
Certiorari Quashed March 26, 1993.
*614 W. Lewis Garrison, Jr. of Corley, Moncus & Ward, P.C., Birmingham, for appellants.
James C. Pino of Green & Pino, P.C., Alabaster, for appellee.
Alabama Supreme Court 1920016.

ON APPLICATION FOR REHEARING
RUSSELL, Judge.
This court's original opinion, dated March 20, 1992, is withdrawn, and the following is substituted therefor:
Andrew J. Kaufman and William J. Wilkens, Jr., entered into a contract, in which Kaufman agreed to purchase certain real estate from Wilkens at the price of $3 per square foot. Kaufman paid $5,000 as earnest money, which would be forfeited as liquidated damages under certain conditions. The date for the purchase was delayed twice, and Kaufman did not purchase the property. Kaufman filed a complaint seeking the return of the earnest money, and Wilkens filed a counterclaim seeking damages incurred as a consequence of the breach of the sales contract by Kaufman.
The trial court granted summary judgment in favor of Wilkens on the issue of liability and later held a hearing on the issue of damages. It determined that Wilkens should not be awarded damages and ordered that the earnest money be returned to Kaufman. Wilkens appeals, contending that the trial court erred by failing to award damages and by finding that the liquidated damages (earnest money) provision was void as being a penalty. Kaufman cross-appeals on the issue of liability. We affirm in part, reverse in part, and remand.
The record reveals that, based on the sales contract, Wilkens undertook to develop a subdivision and to have the property rezoned to allow Kaufman to construct an office building. This was accomplished in time for the final closing date of September 9, 1989. An acquisition and development loan in the amount of $163,000 was secured for the subdivision, which was divided into three lots. Evidence was presented showing damages in the amount of approximately $12,000, including one-third of the interest on the construction loan and other expenses incurred since the breach.
Wilkens contends that the trial court erred in failing to award proven damages. He claims that all the consequential damages should have been awarded or that, at the very least, the amount of the consequential damages less the increase in value of the property at the time of the breach should have been awarded.
The measure of damages for the breach of a contract for the sale of land is the difference between the contract price and the market value at the time of the breach. Brett v. Wall, 530 So.2d 797 (Ala. 1988); Woodham v. Singletary, 545 So.2d 78 (Ala.Civ.App.1989); Cook v. Brown, 428 So.2d 59 (Ala.Civ.App.1982). In addition, out-of-pocket damages that were proven would correct any harm from the breach. Cook, 428 So.2d 59. See Ashurst v. Rosser, 275 Ala. 163, 153 So.2d 240 (1963).
Evidence presented in testimony by Stuart Lewis Sims, Wilkens's partner and codefendant, indicated that at the time of the breach the sellers advertised the property for $3.15 per square foot, an increase of fifteen cents per square foot from the contract price, and that they were of the opinion that this was the fair market value of the property. No other evidence was presented concerning the fair market value of the property at the time of the breach. The trial court found that Wilkens failed to *615 present evidence of the reasonable value of the property at the time that the sales contract was breached.
A person may testify to the value of his or her land, even if that person is not an expert. Jetton v. Jetton, 502 So.2d 756 (Ala.1987); Cinader v. Cinader, 367 So.2d 487 (Ala.Civ.App.1979). In the present case Sims testified on cross-examination as to the value of the property, and his opinion was not disputed. Clearly, evidence was presented as to the reasonable value of the property at the time the sales contract was breached. Therefore, we hold that the trial court erred in finding that Wilkens failed to present evidence of the reasonable value of the property at the time that the sales contract was breached.
Wilkens next contends that the trial court erred in finding that the liquidated damages provision in the sales contract was void as being a penalty. That provision provides in pertinent part as follows: "In the event the Purchaser fails to carry out and perform the terms of this agreement the earnest money shall be forfeited as liquidated damages at the option of the Seller, provided the Seller agrees to the cancellation of this contract." (Emphasis supplied.) Wilkens, the seller, did not agree to the cancellation of the contract and chose to sue for damages. Therefore, under the terms of the provision, the trial court properly denied the liquidated damages (earnest money) to Wilkens.
In his cross-appeal Kaufman contends that the trial court erred in granting Wilkens's motion for summary judgment on the issue of liability because, he claims, there were issues of material fact to be resolved by the trial court. He states that there was substantial evidence that there were encroachments on the property, specifically, a dog pen, a television cable wire, a motorcycle chained to a tree, a sewage drain pipe, and an abandoned automobile. He claims that these provided sufficient grounds for him to refuse to close on the property and that the issue should not have been disposed of by summary judgment. He further claims that Wilkens failed to complete utility and road development prior to closing and that completion was required by the second addendum to the contract. In addition, he claims that there was a contingency concerning a zoning change that had not been met.
Wilkens first responds that, although his motion for summary judgment was based on "the pleadings, depositions..., the exhibits attached thereto and exhibits attached to this motion," and they were reviewed by counsel and the trial court, Kaufman has only supplemented the record on appeal with excerpts which were supportive of his own motion. Wilkens further responds that much of the depositions pertaining to the critical issues in the case, although relied on by the trial court, were not made a part of the record. Where all the evidence on which the trial court based its judgment is not in the record, it will be presumed sufficient to sustain the judgment. Berryhill v. Mutual of Omaha Insurance Co., 479 So.2d 1250 (Ala.1985).
However, Wilkens also addresses the issues raised on cross-appeal by Kaufman and denies that the "encroachments" listed by Kaufman existed and claims that, nevertheless, the "encroachments" were not a condition of the contract and would not have given Kaufman the option to refuse to close on the property if they had existed. He claims that the contract only states that he was obligated to furnish a title insurance policy. After a review of the contract, we agree.
Wilkens further responds that zoning to allow construction of the building had been obtained and that the minutes of the county commission meeting are a matter of public record and were discussed at great length before the trial court. The evidence indicates that the zoning, in fact, had been approved.
Wilkens finally responds that the completion of the roads was not made a condition in the second addendum to the contract, which states that "[t]he closing date shall be extended to September 9, 1989, or before should utility and road development be completed." Here we again agree and find *616 that the language clearly supports Wilkens's position.
We note that summary judgment is proper only when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Alabama Rules of Civil Procedure; McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala. Civ.App.1987). The moving party bears the burden of proof, and once there is a showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to show substantial evidence in support of his or her position. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala. 1989).
In the present case Wilkens has shown that no genuine issue of material fact exists and that he was entitled to a judgment as a matter of law. Kaufman has not shown substantial evidence in support of his position. Therefore, we hold that the trial court's grant of summary judgment on the issue of liability was proper.
Based on the above, the judgment is affirmed in part, reversed in part, and the case remanded with instructions for the trial court to determine the amount of damages to be awarded to Wilkens.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
I respectfully dissent to the affirmance in part and reversal in part on rehearing. I disagree that summary judgment was proper as to there being a "breach" of the sales contract by Kaufman since, in my opinion, there were genuine issues of material fact to be resolved by the trial court. Without a breach of contract, the trial court was correct in not awarding damages.