On Application for Rehearing.
 

 THOMPSON, Presiding Judge.
 

 The opinion of August 24, 2007, is withdrawn, and the following is substituted therefor.
 

 This is the second time this matter has been before this court.
 

 Esther M. Kaufman (“the wife”) sued Charles T. Kaufman (“the husband”) for a divorce. No children were born of the parties’ marriage, although both parties have adult children from previous marriages. The trial court entered a judgment divorcing the parties and dividing their marital property. The wife appealed that judgment, challenging the property division and alimony award. In
 
 Kaufman v. Kaufman,
 
 934 So.2d 1073, 1081 (Ala.Civ.App.2005)
 
 (“Kaufman
 
 I”), this court reversed the judgment of the trial court, concluding that the property division and alimony award were, inequitable, and remanded the cause for the trial court to fashion an equitable property division and alimony award.
 
 [1]
 

 On remand, the trial judge who had entered the original divorce judgment re-cused himself, and another trial judge was appointed. The trial court then conducted an ore tenus hearing on August 21, 2006. On October 26, 2006, the trial court entered a judgment that, among other things, divided the parties’ property and awarded the wife periodic alimony and alimony in gross. The wife filed a post-
 
 *460
 
 judgment motion, which the trial court denied. The wife timely appealed.
 

 During the pendency of this appeal, the husband’s attorney filed a suggestion of death indicating that the husband had died on May 21, 2007. We note that a final divorce judgment had been entered before the husband’s death and, therefore, that this appeal was not abated by the death of the husband.
 
 Ex parte Parish,
 
 808 So.2d 30, 33 (Ala.2001) (“[T]he common law provides that a divorce action in which no final judgment has been entered is abated by the death of a party.”); and
 
 Ex parte Adams,
 
 721 So.2d 148 (Ala.1998)(the settlement agreement was sufficiently final so as to prevent the abatement of the divorce action when the husband died before the trial court incorporated the parties’ agreement into a judgment).
 

 A recitation of the facts of this case is not necessary for the resolution of this appeal. On appeal, the wife contends that the trial court failed to comply with this court’s appellate mandate in
 
 Kaufman I
 
 when it received additional ore tenus evidence at the August 21, 2006, hearing and when it considered that evidence in fashioning its October 26, 2006, judgment. We agree -with the wife that precedent has established that once an appellate court has determined an issue and remanded the cause to the trial court for the entry of a judgment in compliance with its decision, the trial court, unless otherwise directed by the appellate court, must enter such a judgment based on the evidence as originally presented to it.
 

 “It is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court by entering and implementing the appropriate judgment. See
 
 Walker v. Humana Medical Corp.,
 
 423 So.2d 891, 892 (Ala.Civ.App.1982). In
 
 Ex parte Alabama Power Co.,
 
 431 So.2d 151, 155 (Ala.1983), we held:
 

 “ ‘ “It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered ....
 
 The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence
 
 .... ” 5 Am.Jur.2d,
 
 Appeal & Error
 
 § 991 (1962).’ ”
 

 Auerbach v. Parker,
 
 558 So.2d 900, 902 (Ala.1989) (emphasis added).
 

 After the trial court had entered the original divorce judgment, as well as after this court had released its opinion in
 
 Kaufman I,
 
 supra, the husband and/or his daughter disposed of certain assets or transferred amounts from the husband’s accounts to certain members of the husband’s family. The evidence presented at the August 21, 2006, hearing focused on the existence and location of the parties’ remaining marital assets and the living expenses of the parties at the time of that hearing. The wife presented the majority of the evidence at the hearing, and the record does not indicate that either party objected to the trial court’s taking additional evidence on remand. In fact, the wife represented to the trial court that the issue to be resolved was the disposition of the remaining marital assets.
 

 “Q. [BY WIFE’S ATTORNEY]: And I’m going to show you in Plaintiffs Exhibit No. 2 under investment account. There was one account that was held in your husband’s individual name; is that correct?
 

 
 *461
 
 “[THE WIFE]: Yes.
 

 “Q. And the statements are behind the piece of paper here on the top?
 

 “A. Yes.
 

 “Q. All right. And at the time of the last trial in June of 2004, this first account had a balance of $280 in it; is that correct? — $280,000 I’m sorry. See here, 6/25/04?
 

 “A. Yes.
 

 “Q. Where did that $280,000 come from?
 

 “A. Mutual income. It came from our mutual income.
 

 “[HUSBAND’S ATTORNEY]: Your Honor, may I interpose an objection? I don’t recall any testimony at the first trial that indicated there was $280,000 in Mr. Kaufman’s account, and I don’t see any document in here that indicates that there’s $280,000 in the account.
 

 “[WIFE’S ATTORNEY]: 6/25/04.
 

 “[HUSBAND’S ATTORNEY]: Okay.
 

 “[WIFE’S ATTORNEY]: What I did for the Court’s benefit and [the husband’s attorney’s] benefit was take the three at the same time and put those behind my top exhibit for the Court to justify the figures that are in that exhibit.
 

 “THE COURT: You’ve got three different dates.
 

 “[WIFE’S ATTORNEY]: Yes, sir. The significant phases of this trial.
 

 “[HUSBAND’S ATTORNEY]: Your Honor, the balance at the time we tried the case the first time indicated by this statement [was] $211,176.53. The balance was totaled about a month after the case was tried, after the divorce had already been entered. So we will object to her referring to the evaluation after the judgment was entered in June of, I think June 2nd of 2004.
 

 “[WIFE’S ATTORNEY]: The documents are available for your perusal.
 

 “THE COURT: You’re objecting to?
 

 “[HUSBAND’S ATTORNEY]: Well, I think she’s misrepresenting the amount in the account, and the Judge entered the final judgment of the divorce dividing assets at that time. She’s saying that there was $280,000 in Mr. Kaufman’s account when the divorce was initially tried, and there was not that much in his account. There was only this that I have that is in this document. There was $280,000 in there. That was Jirne 24th of ’04. The judgment was entered June 2nd, and the same document clearly shows there was clearly $211,000 in that account.
 

 “[WIFE’S ATTORNEY]: But, Your Honor,
 
 there’s not that much in those accounts now, and we expect to present evidence as to the balances in those accounts presently.
 
 And Your Honor, it’s our position that given the reversal of the initial divorce decree, monies were taken out of the account.
 

 “THE COURT:
 
 What are we trying to do, empty our pockets and then decide where the money goes?
 

 “[WIFE’S ATTORNEY]:
 
 Yes.
 
 The [de]pletion of the assets during the appeal included $130,000 that was withdrawn 13 days after the Court of Civil Appeals’ action, was taken from her own account.
 

 “THE COURT: We can always allow for that, yes....
 

 “THE COURT: I’ve got to empty it out; is that right?
 

 “[WIFE’S ATTORNEY]:
 
 Take what’s left now and divide that up.”
 

 (Emphasis added.)
 

 The wife contends on application for rehearing that she argued “throughout this case that the assets should be divided as
 
 *462
 
 they existed at the time of filing or at the time of the original divorce hearing.” Although some evidence presented at the August 21, 2006, hearing reiterated or disputed some of the evidence presented at the original 2003 divorce hearing, much of the evidence presented concerned the existence and amounts of the assets remaining at the time of the August 21, 2006, hearing. She cites the following passage that is a continuation of the discussion quoted above. We note, however, that after the lunch break referenced in the following quotation, the trial resumed without any indication regarding the resolution of the argument quoted above.
 

 “[HUSBAND’S ATTORNEY]: But, Your Honor, this document was not superseded, and while this case was on appeal, my client was free to do what he wanted to with the assets awarded to him. There was nothing filed to supersede this judgement during the time that the case was on appeal. My client was free to do whatever he wanted to with the assets awarded to him just like she did.
 

 “[WIFE’S ATTORNEY]: I can’t say that he’s in contempt although, I argue that the $130,000 that was taken out was done in violation. What happened was this Court entered an order back in 2004 that froze assets, then the divorce decree came out. In ’04, the divorce decree was entered which means that we’re back, which is a freeze order. His daughter then went in and dissipated funds in contempt of this Court’s order. She put money from that account into her own personal account and into her brother’s account and now they want to say, Well, now we don’t have any money left to give to Mrs. Kaufman.’ And this account, especially the one that we’re talking about now that has over $200,000, it is incorrect in deciding that it was not a marital asset and in not awarding Mrs. Kaufman any portion of it.
 

 “THE COURT: You all are just making it a whole lot more complicated than it is. I mean, you all can’t agree on a date or whenever. When we submit it, it’s June of 2004. Then we have an agreement.
 

 “[HUSBAND’S ATTORNEY]: No, sir, I’m not in agreement with that because my client has had expenditures since this divorce was entered that were necessary expenditures for his continued care. That had to come out of this money because that’s all the money that he had.
 

 “THE COURT: Well, I think the date of 2003 sounds like a better date.
 

 “[WIFE’S ATTORNEY]: Yes, sir. That’s when these accounts were supposed to have been frozen.
 

 “[HUSBAND’S ATTORNEY]: But, Your Honor, there’s no caselaw to the effect pending on a reversed ad litem [sic].
 

 “[WIFE’S ATTORNEY]: When was the reversal?
 

 “THE COURT: Pendente [lite] order is entered, it was merged with the final order.
 

 “[WIFE’S ATTORNEY]: And there’s no law to indicate that that pendente lite order is reinstated in the relating order. I’ll show this which is the temporary restraining order that goes back into effect. There was a very specific order about Mr. Kaufman because at the time that this order was entered by Judge Little, he’d already—
 

 “THE COURT: You all want to talk just a minute? Let’s talk for just a second.
 

 “(Luncheon recess was taken.)”
 

 
 *463
 
 Thus, the record indicates that the trial court expressed some concern regarding the relevant date for ascertaining the contents and valuation of the marital estate. As the wife points out in her brief on application for rehearing, at one point she stated that the property division should be effected as of June 2003, when the parties’ assets were “frozen” pursuant to a pendente lite order. However, the above-quoted portions of the transcript reveal that the wife argued to the trial court that it should divide the assets as they existed at the time of the August 2006 hearing. It appears that the parties and the trial court discussed this issue off the record but that, when the hearing resumed, they failed to record the resolution reached. However, after the hearing on remand resumed, the evidence presented was not confined to the time of the original divorce judgment. Rather, much of the evidence presented concerned the existence and valuation of the marital assets that remained at the time of the August 2006 hearing.
 

 “The law is well settled that ‘[a] party may not predicate an argument for reversal on “invited error,” that is, “error into which he has led or lulled the trial court.” ’
 
 Atkins v. Lee,
 
 603 So.2d 937, 945 (Ala.1992) (quoting
 
 Dixie Highway Express, Inc. v. Southern Ry.,
 
 286 Ala. 646, 651, 244 So.2d 591, 595 (1971)). The doctrine of invited error ‘provides that a party may not complain of error into which he has led the court.’
 
 Ex parte King,
 
 643 So.2d 1364, 1366 (Ala.1993). In other words, ‘[a] party cannot win a reversal on an error that party has invited the trial court to commit.’
 
 Neal v. Neal,
 
 856 So.2d 766, 784 (Ala.2002).
 
 See also Liberty Nat'l Life Ins. Co. v. Beasley,
 
 466 So.2d 935, 937 (Ala.1985); and
 
 State Farm Mut. Auto. Ins. Co. v. Humphres,
 
 293 Ala. 413, 418, 304 So.2d 573, 577 (1974).”
 

 Casey v. McConnell,
 
 975 So.2d 384, 389 (Ala.Civ.App.2007).
 

 In
 
 Mobile Infirmary Medical Center v. Hodgen,
 
 884 So.2d 801 (Ala.2003), a jury awarded the plaintiff $2,250,000 in punitive damages, but it failed to award the plaintiff any compensatory damages. That verdict was in error under precedent from our supreme court that provides that an award of punitive damages is not allowable in the absence of an award of compensatory or nominal damages.
 
 See Life Ins. Co. of Georgia v. Smith,
 
 719 So.2d 797 (Ala.1998). Before it entered a judgment on the jury verdict, however, the trial court had asked the parties if they had any concerns about the verdict, and the defendant hospital failed to object. In fact, “the trial court stated that it thought that it was a good verdict in spite of the absence of an award of compensatory damages!, and] counsel for [the hospital] stated, T do too.’ ”
 
 Mobile Infirmary Med. Ctr. v. Hodgen,
 
 884 So.2d at 819 (Lyons, J., concurring specially). After the judgment was entered, however, the hospital filed a motion for a judgment as a matter of law, arguing that the jury verdict upon which the judgment had been entered was improper because it failed to include an award of compensatory or nominal damages. The trial court denied the hospital’s motion, citing the doctrine of invited error. Our supreme court agreed with the trial court that the hospital had invited the error, and it affirmed as to that issue. In so holding, the court concluded:
 

 “Accordingly, [the hospital] cannot, on the one hand, represent to the trial court that the jury verdict was proper, thus inducing the trial court to enter a judgment on that verdict, and then, on the other hand, argue in posttrial motions that the jury verdict was improper and that [the hospital] is entitled to have a judgment rendered in its favor. Be
 
 *464
 
 cause any error committed by the trial court in entering a judgment upon the jury verdict in this case was invited by [the hospital], [the hospital’s] argument that it is entitled to have a judgment rendered in its favor on this basis must fail.”
 

 Mobile Infirmary Med. Ctr. v. Hodgen,
 
 884 So.2d at 808.
 

 In this case, during the time the original appeal was pending in this court, certain marital assets were depleted or transferred to the husband’s family members. After remand, the initial trial judge recused himself from the action, and a new trial judge was appointed. The wife did not object to the trial court’s consideration of additional evidence pertaining to the valuation of assets as they existed at the time of the hearing on remand. Rather, the record indicates that the wife presented much of that evidence. The wife first raised an objection to the trial court’s receiving additional evidence in her postjudgment motion and on appeal, after the trial court had entered a judgment that she felt was adverse to her. However, “ ‘[a] party cannot win a reversal on an error that party has invited the trial court to commit.’ ”
 
 Mobile Infirmary Med. Ctr. v. Hodgen,
 
 884 So.2d at 808 (quoting
 
 Neal v. Neal,
 
 856 So.2d 766, 784 (Ala.2002)). Given the unique facts and history of this case, as well as the precedent cited above, we conclude that the wife invited the error of which she now complains. Accordingly, we decline to reverse the trial court’s judgment based on the trial court’s having received and considered additional evidence on remand.
 

 The wife also challenges the trial court’s property division and alimony award, contending that they are inequitable and that they exceed the trial court’s discretion. However, only the transcripts from the original divorce hearing
 
 [2]
 
 and the August 21, 2006, hearing on remand and the exhibits from the
 
 original divorce hearing
 
 are before this court. The trial court had before it voluminous documentary exhibits from the August 21, 2006, hearing on remand, and those exhibits have not been submitted to this court.
 

 It is the duty of the appellant to ensure that the record on appeal contains sufficient evidence to warrant a reversal of the trial court’s judgment.
 
 Parker v. Williams,
 
 977 So.2d 476, 482 (Ala.2007);
 
 Alfa Mut. Gen. Ins. Co. v. Oglesby,
 
 711 So.2d 938 (Ala.1997),
 
 overruled on other grounds, Ex parte Quality Cas. Ins. Co.,
 
 962 So.2d 242 (Ala.2006); and
 
 In re Coleman,
 
 469 So.2d 638 (Ala.Civ.App.1985). Further, when all the evidence before the trial court is not submitted to this court as part of the record on appeal, this court must presume that the evidence not before it was sufficient to support the trial court’s judgment.
 
 Berryhill v. Mutual of Omaha Ins. Co.,
 
 479 So.2d 1250, 1251 (Ala.1985);
 
 Wilkens v. Kaufman,
 
 615 So.2d 613, 615 (Ala.Civ.App.1992).
 

 As we stated in our opinion on original submission, inquiries made by this court’s clerk to the trial court’s clerk indicated that the trial court’s clerk did not have the exhibits. This court’s clerk made numerous inquiries to the parties’ attorneys over the course of several weeks in an attempt to obtain those exhibits. In July 2007, a member of the wife’s attorney’s staff informed this court’s clerk that she had only copies of the wife’s exhibits, and another staff member informed this court’s clerk that the court reporter had shipped the
 
 *465
 
 transcript and approximately 1,000 pages of exhibits to the trial court’s clerk in February 2007, but at the time of that conversation, the exhibits were missing. In response, this court’s clerk suggested that the wife’s attorney or her staff member attempt to track that shipment and that if the originals could not be located, the record could be supplemented pursuant to Rule 10(f), Ala. R.App. P., to include copies of the missing exhibits. This court’s clerk informed the staff member for the wife’s attorney that in the absence of a motion to supplement to the record on appeal, this court would rule on the appeal in the absence of those exhibits.
 

 As of August 21, 2007, this court had not received the missing exhibits and no attempt to supplement the record had been made by either party. Therefore, three days later, on August 24, 2007, this court released its opinion on original submission. In that opinion, this court held, among other things, that the failure to include in the record on appeal all the evidence before the trial court required this court to presume that the missing evidence was sufficient to support the trial court’s judgment; in support of that conclusion, this court cited
 
 Berryhill v. Mutual of Omaha Insurance Co.,
 
 479 So.2d 1250, 1251 (Ala 1985), and
 
 Wilkens v. Kaufman,
 
 615 So.2d 613, 615 (Ala.Civ.App.1992).
 

 In her brief on application for rehearing, the wife admits that this court invited the parties to supplement the record pursuant to Rule 10, Ala. R.App. P., but she maintains that this court “gave no time limitation by which a supplementation would have to be achieved.” Nine weeks elapsed between June 27, 2007, the date on which this court initiated the investigation into the whereabouts of the exhibits at issue and August 24, 2007, the date on which this court released the opinion on original submission. During that nine-week period, the wife made no filing of any type regarding this issue in this court or in the trial court. This court released our opinion on original submission when it became apparent that no response to our inquiries was forthcoming. We are at a loss to discern how the imposition of a deadline for responding to the court’s inquiries or for supplementing or correcting the record could have impacted this matter.
 

 The wife acknowledges that it is her duty, as the appellant, to ensure that the record on appeal is complete and sufficient to warrant a reversal.
 
 See Parker v. Williams,
 
 supra, and
 
 Alfa Mut. Gen. Ins. Co. v. Oglesby,
 
 supra. However, she points out that exhibits are maintained in the custody of the court reporter,
 
 see
 
 Rule 11(e), Ala. R.App. P., and, based on that fact, she contends that the alleged misplacement of the exhibits should not be held against her. This court might have been persuaded to agree with the wife on that point
 
 had it been made at the time the case was miginally submitted to this count.
 

 As indicated earlier in this opinion, Rule 10(f), Ala. RApp. P., governs the procedure for “supplementing or correcting the record” to reflect the evidence presented to the trial court. That rule provides, in pertinent part:
 

 “If admitted or offered evidence that is material to any issue on appeal is omitted from the record after being designated for inclusion as required in Rule 10(b), or if any question arises as to whether the record correctly reflects what occurred in the trial court and the parties cannot stipulate what action should be taken to supplement or correct the record, the appellant or the appellee may file with the trial court a motion to supplement or correct the record on appeal .... Any party filing a motion with the trial court pursuant to
 
 *466
 
 this rule shall file a copy of the motion with the clerk of the appellate court and shall serve a copy on the appropriate court reporter, if the reporter’s transcript is to be supplemented or corrected, and on all other parties. Within 14 days (2 weeks) after the filing of a motion pursuant to this rule or after the parties have stipulated as to what action should be taken, the trial court shall enter such orders as are necessary to ensure that the record is complete and that it conforms to the truth. Failure by the trial court to rule on any motion filed in accordance with this rule within that 14-day (2-week) period shall constitute a denial of the motion as of the date of the expiration of the period.
 

 “Any dissatisfied party may, within 7 days (1 week) after the entry of an order on a motion to supplement or correct the record, or, if no order is entered, within 7 days (1 week) of the expiration of the 14-day (2-week) period provided in this rule for entry of an order by the trial court, seek appropriate relief in the appellate court.”
 

 Rule 10(f), Ala. R.App. P.
 

 It is clear that the wife understood that the exhibits submitted at the time of the hearing on remand were not before this court on original submission. In her brief on application for rehearing, the wife contends that those exhibits are “missing.” However, the only information this court has obtained concerning the exhibits is a statement by a staff member for the wife’s attorney that the exhibits had been shipped to the trial court’s clerk but could not be located. The wife did not submit any filing to this court during the time this court’s clerk was inquiring about the status of the exhibits. Therefore, the arguments that the wife makes in her brief on application for rehearing concerning the feasability of the supplementation of the record were not presented to this court on original submission. It is well-settled that issues may not be raised for the first time on application for rehearing.
 
 Water Works & Sewer Bd. of Selma v. Randolph,
 
 833 So.2d 604, 609 (Ala.2002) (opinion on application for rehearing).
 

 We also note that although the wife alleges in her brief on application for rehearing that many of her exhibits “were incapable of being accurately replicated,” she insists that the testimony contained in the transcript of the hearing on remand is sufficient
 
 for this court to reconstruct the evidence
 
 presented to the trial court and to review its judgment. However, the wife has not assisted this court in that endeav- or. This court has examined the transcript and has concluded that reference to the exhibits submitted during the hearing on remand would be necessary to adequately review the evidence presented to the trial court during the hearing
 
 on
 
 remand. Further, “[i]t is not the duty of this court to search the record for purposes of determining whether it contains evidence which will support an appellant’s contention.”
 
 Jenkins v. Landmark Chevrolet, Inc.,
 
 575 So.2d 1157, 1161 (Ala.Civ.App.1991).
 

 The exhibits documenting much of the evidence upon which the trial court relied in reaching its judgment on remand are not before this court; therefore, we must presume that those exhibits support the judgment.
 
 Berryhill v. Mutual of Omaha Ins. Co.,
 
 supra;
 
 Wilkens v. Kaufman,
 
 supra. The wife has failed to present a sufficient record to this court indicating that the trial court erred in fashioning its property division and alimony award. Accordingly, we affirm the trial court’s judgment.
 

 The wife’s request for an attorney fee on appeal is denied.
 

 
 *467
 
 OPINION OF AUGUST 24, 2007, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
 

 PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 THOMAS, J., concurs in the result, without writing.
 

 [1]
 

 . That opinion also addressed and ultimately dismissed the wife's appeal from an order finding her to be in contempt.
 
 Kaufman I,
 
 934 So.2d at 1082.
 

 [2]
 

 . This court,
 
 ex mero motu,
 
 took judicial notice of the prior proceedings.
 
 See Ex parte Cade,
 
 521 So.2d 85, 87-88 (Ala.1987).