PITTMAN, Judge.
 

 Tammy Renee Brown (“the mother”) appeals from a judgment entered on remand after the trial court’s previous judgment had been reversed by this court.
 
 See Brown v. Brown,
 
 960 So.2d 712 (Ala.Civ.App.2006).
 

 The mother and Jeffrey Mark Brown (“the father”) were divorced in January 2001. At the time of the divorce, the father was employed as a foreman with Acton Construction Company (“Acton”), which builds houses in Shelby County; the father earned approximately $120,000 in 2001. In addition; at the time of the divorce, the mother was unemployed and had little or no income.
 

 With the trial court’s approval, the parties modified their divorce judgment by agreement in June 2003; the modified divorce judgment required the father to pay child support in the amount of $1,700 per month,
 
 [1]
 
 together with the cost of the children’s education at Briarwood Christian School so long as his income exceeded $75,000 per year. The cost of the private-school tuition and fees for three of the parties’ children was approximately $1,300 per month for the 2005-2006 school year.
 

 In April 2005, the father filed a child-support-modification action, alleging that his income had declined to less than $75,000 per year, requesting that his child-support obligation be reduced, and requesting relief from his obligation to pay the children’s private-school expenses. On August 15, 2005, the trial court heard testimony from the parties; the parties’ 14-year-old daughter; and Marcy Brown, the father’s second wife.
 

 The father testified that in 2003 he had reactivated a business that he owned, Distinctive Builders, Incorporated (“Distinctive”), and had begun preparing to leave his employment with Acton. He stated that either in late 2003 or early 2004 he had begun working part time for Distinctive, building new houses while continuing to work for Acton; in August 2004, the father left Acton and began working full time for Distinctive. During 2004, Distinctive sold seven new houses, at prices ranging from $319,900 to $433,652; Distinctive had sold six houses in 2005 by the date of the August trial. The father also testified at trial that Distinctive was constructing several houses at that time but that only
 
 *141
 
 one of those houses would be completed in time to be sold in 2005.
 

 At trial, the parties disputed the amount of the father’s income from Distinctive; it was undisputed that the father had earned approximately $54,000 from Acton before his resignation in August 2004. The record contains a 2004 federal corporate-income-tax return for Distinctive that showed a net income of $139,769 and an amended 2004 federal corporate-income-tax return for Distinctive that showed a net income of $83,844. The father is the sole shareholder of Distinctive, and all Distinctive’s net income is allocated to him.
 
 See Brown,
 
 960 So.2d at 715. Thus, the father’s own evidence established that he had earned, at a minimum, $87,844 ($54,-000 + $33,844) in 2004.
 

 On August 31, 2005, the trial court rendered a judgment reducing the father’s monthly child-support obligation from $1,700 to $1,025. Because it had determined that the father would earn only $62,000 in 2005, the trial court also allowed the father to discontinue paying the private-school tuition and fees for the children. The mother appealed and contended that the trial court had erred both in finding that the father’s income was less than $75,000 a year and in finding that the father’s income for purposes of computing child support was only $62,000 per year.
 

 In our previous opinion, this court noted:
 

 “In an October 2004 loan application, the father estimated his annual income to be $90,000. The evidence in the record shows that the father’s lifestyle and net worth have not materially decreased since 2003, when he was earning approximately $120,000. The father’s financial statements show a net worth in excess of $900,000, the mortgage payment on the father’s present home is approximately $3,800 per month, and there is evidence in the record indicating that the father has spent a substantial amount on luxury automobiles and travel.”
 

 Brown,
 
 960 So.2d at 716.
 

 On remand, the trial court entered a new judgment on June 26, 2008, which essentially reinstated the court’s previous judgment. The mother has filed a timely appeal from that judgment.
 

 The former wife now raises essentially the same issue as before: whether the trial court’s June 26, 2008, judgment reducing the father’s child-support obligation and relieving him of the obligation to pay private-school tuition was supported by the evidence. We conclude that the judgment on remand does not comply with this court’s previous opinion. “The issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues.”
 
 Ex parte S.T.S.,
 
 806 So.2d 336, 341 (Ala.2001) (citing
 
 Murphree v. Murphree,
 
 600 So.2d 301 (Ala.Civ.App.1992)). Moreover, on remand, “ ‘the trial court’s duty is to comply with the appellate mandate “according to its true intent and meaning,
 
 as determined, by the directions given by the reviewing court.”
 
 ’ ”
 
 Ex parte Jones,
 
 774 So.2d 607, 608 (Ala.Civ.App.2000) (quoting
 
 Walker v. Carolina Mills Lumber Co.,
 
 441 So.2d 980, 982 (Ala.Civ.App.1983), quoting in turn
 
 Ex parte Alabama Power Co.,
 
 431 So.2d 151, 155 (Ala.1983)).
 

 Generally, “ ‘[w]hen the mandate is not clear, the opinion of the court should be consulted.’ ”
 
 Ex parte Jones,
 
 774 So.2d at 608 (quoting
 
 Walker,
 
 441 So.2d at 982). We recognize, however, that the opinion in
 
 Brown
 
 failed to give specific instructions to the trial court. The trial court, on remand, deferred to its prior findings of fact and conclusions of law, which this court had specifically held to be erroneous.
 

 
 *142
 
 In our previous opinion, this court concluded:
 

 “The father had the burden of establishing his income for purposes of determining child support,
 
 Reeves v. Reeves,
 
 894 So.2d 712, 714 (Ala.Civ.App.2004). We do not find substantial, if any, evidence to support the trial court’s finding that the father’s income was $62,000 per year. Thus, we must reverse the trial court’s judgment as to this issue and remand the cause for the trial court to make such findings as are supported by the evidence and to enter a judgment computing a child-support award in accordance with Rule 32, Ala. R. Jud. Admin., and the parties’ separation agreement that was incorporated into the divorce judgment, including, if appropriate, payment for the children’s private-school expenses.”
 

 Brown,
 
 960 So.2d at 716. That conclusion was based, in part, upon this court’s review of the father’s admitted 2005 income, plus application of the rule that when computing self-employment income for purposes of determining child support, a parent’s income is “ ‘the business’s net income, some of which is reinvested in the business, rather than the “owner’s draw.” ’ ”
 
 Brown,
 
 960 So.2d at 716 (quoting
 
 Puckett v. Summerford,
 
 706 So.2d 1257, 1258 (Ala.Civ.App.1997)). Because the judgment on remand concluded that the father had earned only $62,000 in 2005 for purposes of computing child support, a determination that this court in our previous opinion had determined to be erroneous, we are constrained to illustrate the error contained in the trial court’s judgments.
 

 The evidence of the father’s income for 2005 was sufficient for purposes of calculating his child-support obligation. The father’s form CS-41 (“Child-Support-Obligation Income Statement/Affidavit”) reflects a monthly income of $3,375; this court and the trial court could extrapolate an annual salary of $40,500 based upon that evidence. In addition, the father was unable to show that he or his wife personally made the monthly home-mortgage payments of approximately $3,900 per month on their residence; rather, the father stated that Distinctive owned the residence. Thus, at the very least, the trial court should have imputed another $46,800 ($8,900 x 12) of income to the father in 2005. Without referencing the father’s other financial documents, such as the father’s loan application estimating his annual income to be $90,000 and his admissions that Distinctive owned and maintained the motor vehicles that he, his wife, and other business employees drove on a daily basis, we conclude that the father’s own evidence established that his earnings, at the very least, would amount to a minimum of $87,300 in 2005. Simply put, the evidence in no way supports the conclusion that the father would earn only $62,000 in 2005. We conclude that the father may have proven the need for a slight downward modification of his child-support obligation based upon the figures discussed above, but he clearly failed to prove a need for relief from the provision in the divorce judgment concerning payment of private-school tuition.
 

 Moreover, the judgment after remand reinstated the father’s reduced child-support obligation of $1,025 per month. We perceive distinct errors in that calculation. First, the trial court deducted $500 from the father’s monthly child-support obligation on the basis that his family insurance premiums cost $500 per month. However, the testimony established that Distinctive actually paid for all its employees’ insurance, along with a number of other benefits. Absent proof of Distinctive’s annual net income, the trial court cannot deduct a payment made by Distinctive to benefit the father in computing his
 
 *143
 
 child-support obligation.
 
 See Brown,
 
 960 So.2d at 716 (citing
 
 Reeves v. Reeves,
 
 894 So.2d 712, 714 (Ala.Civ.App.2004));
 
 see also
 
 Rule 32(B)(4), Ala. R. Jud. Admin.
 

 In addition, although this court does not make factual findings, we can certainly deduce from financial data contained in the record whether a child-support award is properly computed within the child-support guidelines found in the Appendix to Rule 32, Ala. R. Jud. Admin. The mother’s form CS-41 indicated that she earned $2,166 per month, or $25,992 in annual income. Adding the parents’ minimum 2005 salaries ($87,300 + $25,992), dividing that amount by 12 months ($9,441), and referencing the child-support guidelines in effect when the judgment on remand was entered,
 
 [2]
 
 we conclude that a monthly award of $1,025 for the father’s child-support obligation cannot be affirmed. The mother earned approximately 23% of the parties’ combined income, therefore the father’s correct child-support obligation for three children according to the child-support guidelines in effect at that time totals $1,448.37 per month ($1,881 x 77%).
 

 We conclude that the judgment on remand did not properly compute the father’s child-support obligation according to Rule 32, Ala. R. Jud. Admin. In addition, the father failed to meet his burden of proving that his annual income had dropped below $75,000; therefore, the judgment, insofar as it relieved him from the obligation to pay the children’s private-school tuition, was also erroneous. We thus reverse the trial court’s judgment and remand the cause for the entry of a judgment in conformity with our opinions in this case.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . At that time, the father’s annual income was slightly more than $10,000 per month, or $120,000 per year, the maximum amount of income to which the child-support guidelines of Rule 32, Ala. R. Jud. Admin, (see Appendix lo Rule 32, "Schedule of Basic Child-Support Obligations”), that were in effect at that time were applicable.
 

 [2]
 

 . The child-support guidelines were amended effective January 1, 2009.