THOMAS, Judge.
 

 This is the second time these parties have been before this court concerning their divorce judgment.
 
 See Giardina v. Giardina,
 
 987 So.2d 606 (Ala.Civ.App.2008). In
 
 Giardina,
 
 we affirmed the custody aspect of the judgment and affirmed the award of rehabilitative alimony to Nancy H. Giardina (“the wife”); however, we reversed the property division, and we remanded the cause to the trial court for it to (1) reserve the power to award periodic alimony to the wife, (2) specify the personal property awarded to the wife, (3) award the wife an equitable portion of the J.B.
 
 *206
 
 Hanover account owned by Stewart H. Giardina (“the husband”), and (4) determine whether the husband’s Rule 32, Ala. R. Jud. Admin., CS-41 income-affidavit form (“CS-41 form”) reflected his true income for 2004 and 2005 and, if the trial court determined that it did not, to determine the husband’s true income and to reconsider the division of marital property in light of that income.
 
 Giardina,
 
 987 So.2d at 628-24.
 

 In July 2007, while the appeal of the divorce judgment was pending in this court, the wife filed in the trial court a pro se petition to modify custody or to alter her visitation rights. That action was docketed as case number DR-04-301.03. On October 3, 2007, the wife also filed, in case number DR-04-301.03, a petition seeking to have the husband held in contempt for the husband’s failure to comply with certain provisions of the trial court’s June 2007 order relating to visitation. The husband filed a counterpetition seeking to have the wife held in contempt for various alleged violations of the divorce judgment and other court orders and to modify the wife’s visitation privileges.
 

 On March 27, 2008, the trial court held a hearing on the issues specified in our remand in
 
 Giardina;
 
 that action had been assigned case number DR-04-301. At that hearing, the trial court took additional testimony concerning the husband’s 2004 and 2005 income and the J.B. Hanover account. The wife did not object to the trial court’s taking additional testimony.
 

 On September 29, 2008, the trial court held a trial on the wife’s modification petition and on various contempt claims, except those claims involving the financial aspects of the divorce judgment, which the trial court dismissed as a result of this court’s reversal in
 
 Giardina
 
 of the property division contained in the divorce judgment. The parties’ children testified in camera, and their testimony was transcribed. In February 2009, the trial court entered the following judgment in both case number DR-04-301 and case number DR-04-301.03:
 

 “1. This matter coming on for hearings after remand from the Alabama Court of Civil Appeals, the Court conducted two hearings, and after considering the testimony and the tax returns and other exhibits introduced at the hearings, the Court is of the opinion that the [husband] has not concealed any assets from the Court, and therefore, the Court reaffirms the original property division and alimony awards in the original case.
 

 “2. The Court has considered the [wife’s] motion to change custody or alter visitation. After hearing, the Court is of the opinion that the motion to change custody is due to be denied because she has not met the
 
 [Ex parte] McLendon[,
 
 455 So.2d 863 (Ala.1984),] standard of proof. The Court is satisfied that the [husband] is still the best person to have custody of the children.
 

 “3. The Court does modify the visits tion schedule to provide that the wife shall be entitled to have visitation with the children on the weekdays that she is not required to work provided that she returns the children to school the next morning. The original divorce decree is hereby modified to reflect this change respecting visitation.”
 

 The wife appeals the judgment both insofar as it addressed our instructions on remand in case number DR-04-301 and insofar as it denied her modification petition in case number DR-04-301.03.
 

 We will first address whether we have jurisdiction over the appeal from the judgment insofar as it denied the wife’s modification petition in case number DR-04-301.03.
 
 See Nunn v. Baker,
 
 518 So.2d 711,
 
 *207
 
 712 (Ala.1987) (stating that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu
 
 ”). The wife and the husband both sought in case number DR-04-801.08 to have the other held in contempt for various alleged violations of the trial court’s divorce judgment and subsequent orders. Although the trial court dismissed any contempt claims arising from the financial aspects of the divorce judgment, the claims based on the custody and visitation provisions of the divorce judgment and subsequent orders were considered during the September 29, 2008, hearing. The trial court, however, failed to rule on either party’s claim seeking to hold the other party in contempt.
 

 The trial court’s failure to rule on the pending contempt petitions in the post-divorce proceeding renders the judgment on the wife’s modification petition nonfinal.
 
 Decker v. Decker,
 
 984 So.2d 1216, 1220 (Ala.Civ.App.2007). The judgment is not final because the judgment fails to completely adjudicate all issues between the parties.
 
 See Butler v. Phillips,
 
 3 So.3d 922, 925 (Ala.Civ.App.2008). Subject to a few exceptions not relevant here, an appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2;
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). Thus, we must dismiss the wife’s appeal insofar as it is from the judgment denying her modification petition in case number DR-04-301.03.
 

 The wife’s appeal insofar as it is from the trial court’s judgment on remand in case number DR-04-301, however, is not affected by the pendency of the contempt petitions in case number DR-04-301.03. We will therefore consider the wife’s arguments that the trial court failed to comply with our instructions upon remand. The wife argues specifically that the trial court erred by taking new evidence upon remand, that the trial court did not reserve the right to award her periodic alimony, that the trial court did not specify which items of personal property were awarded to the wife in the divorce judgment, that the trial court failed to award her an equitable portion of the J.B. Hanover account, and that the trial court did not determine whether the income the husband stated in his CS-41 form for 2004-2005 was his true income. The wife further argues that the trial court failed to determine that the husband’s income was, in fact, more than the amount he stated on his CS-41 form and failed to adjust the property division accordingly.
 

 Although the wife is correct that the taking of new evidence on remand was not appropriate, see
 
 Ex parte Queen,
 
 959 So.2d 620, 621 (Ala.2006) (holding that “when an appellate court remands a case, the trial court does not have the discretion to conduct a new trial or an evidentiary hearing”), the wife herself participated in the hearing by calling witnesses and by presenting documentary evidence. At no time did she object to the trial court’s decision to conduct a new evidentiary hearing.
 
 See Kaufman v. Kaufman,
 
 22 So.3d 458, 466 (Ala.Civ.App.2007).
 

 Kaufman
 
 is startlingly similar to the present case. After a reversal of the divorce judgment at issue in
 
 Kaufman,
 
 the wife in that case, on remand, participated in another evidentiary hearing relating to the assets of the husband in that case.
 
 Kaufman,
 
 22 So.3d at 460. After the entry of the judgment on remand, the wife appealed.
 
 Id.
 
 at 461-62. We declined to hold the trial court in error for conducting a new evidentiary hearing because, we held, the wife had invited that error.
 
 Id.
 
 at 464. We explained:
 

 “The wife did not object to the trial court’s consideration of additional evidence pertaining to the valuation of as
 
 *208
 
 sets as they existed at the time of the hearing on remand. Rather, the record indicates that the wife presented much of that evidence. The wife first raised an objection to the trial court’s receiving additional evidence in her postjudgment motion and on appeal, after the trial court had entered a judgment that she felt was adverse to her. However, ‘ “[a] party cannot win a reversal on an error that party has invited the trial court to commit.” ’
 
 Mobile Infirmary Med. Ctr. v. Hodgen,
 
 884 So.2d [801,] 808 [(Ala.2003)] (quoting
 
 Neal v. Neal,
 
 856 So.2d 766, 784 (Ala.2002)). Given the unique facts and history of this case, as well as the precedent cited above, we conclude that the wife invited the error of which she now complains. Accordingly, we decline to reverse the trial court’s judgment based on the trial court’s haying received and considered additional evidence on remand.”
 

 Id.
 
 at 464.
 

 The wife in the present case, like the wife in
 
 Kaufman,
 
 invited the error by the trial court; she cannot now assert that error as a basis for reversal.
 
 Id.
 
 Because the wife asked for, participated in, and never objected to the evidentiary hearing on remand, we conclude that she is precluded from asserting the trial court’s error in holding a new evidentiary hearing on remand as a basis for reversing the trial court’s judgment.
 
 Id.
 
 at 464;
 
 see also White Sands Group, L.L.C. v. PRS II, LLC,
 
 998 So.2d 1042, 1057 (Ala.2008) (“It is equally well settled ‘that a party may not induce an error by the trial court and then attempt to win a reversal based on that error. “A party may not predicate an argument for reversal on ‘invited error,’ that is, ‘error into which he has led or lulled the trial court.””” (quoting other cases)). Based on the circumstances of this case, we decline to reverse the trial court’s judgment on the basis that it held a new evidentiary hearing on remand.
 

 The wife next argues that the trial court failed to follow the appellate mandate on remand. She correctly notes that the trial court must comply with the instructions of the appellate court.
 
 See Brown v. Brown,
 
 20 So.3d 139, 141 (Ala. Civ.App.2009). In
 
 Brown,
 
 we reiterated the rule governing the role of a trial court after a reversal and a remand from an appellate court:
 

 “ ‘The issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues.’
 
 Ex parte S.T.S.,
 
 806 So.2d 336, 341 (Ala.2001) (citing
 
 Murphree v. Murphree,
 
 600 So.2d 301 (Ala.Civ.App.1992)). Moreover, on remand, ‘ “the trial court’s duty is to comply with the appellate mandate ‘according to its true intent and meaning,
 
 as determined by the directions given by the reviewing court.’
 
 ” ’
 
 Ex parte Jones,
 
 774 So.2d 607, 608 (Ala.Civ.App.2000) (quoting
 
 Walker v. Carolina Mills Lumber Co.,
 
 441 So.2d 980, 982 (Ala.Civ.App.1983), quoting in turn
 
 Ex parte Alabama Power Co.,
 
 431 So.2d 151, 155 (Ala.1983)).”
 

 Brown,
 
 20 So.3d at 141.
 

 The wife’s chief argument is that the trial court failed to determine whether the husband correctly reported his income on his CS-41 form and, if it determined that he did not, to determine his true income and adjust the property division accordingly. We agree that the trial court did not specifically address whether the husband’s CSM1 form truly reflected his income in 2004 and 2005. However, the trial court did state that it did not believe that the husband had concealed any assets from the court and that the trial court was therefore reaffirming the property division in the divorce judgment. We can glean
 
 *209
 
 from the trial court’s judgment on remand that it believed that its original determination regarding the husband’s income was supported by the evidence and that the property division it effected was appropriate. We disagree with the wife that this particular aspect of the trial court’s judgment on remand fails to comply with our instructions on remand.
 

 However, we are convinced by the wife’s other arguments on appeal that the trial court failed to comply with other aspects of our mandate in
 
 Giardina.
 
 The trial court’s judgment on remand fails to address the reservation of periodic alimony, fails to specify the property awarded to the wife in the divorce judgment, and fails to effect a division of the J.B. Hanover account; the trial court was instructed to perform each of those tasks in our opinion in
 
 Giardina.
 
 987 So.2d at 623-24.
 

 “ ‘It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered.... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate....’”
 

 Ex parte Alabama Power Co.,
 
 431 So.2d 151, 155 (Ala.1983) (quoting 5 Am.Jur.2d
 
 Appeal and Error
 
 § 991 (1962)). Because it fails in large part to comply with our mandate, the trial court’s judgment in ease number DR-04-301 is reversed, except insofar as it determined that the husband’s income had been properly determined and that the property division should not to be disturbed on that basis, and the cause is remanded for the trial court to comply with all remaining aspects of the mandate set out in this court’s opinion in
 
 Giardina.
 

 APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; AND CAUSE REMANDED.
 

 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.