**MAROUS BROTHERS CONSTRUCTION, LLC, a corporation, et al., Plaintiffs,**

**v.**

**ALABAMA STATE UNIVERSITY, et al., Defendants.**

**No. 2:07cv384–ID.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 4, 2008.

Brian Paul Strength, Attorney at Law, Jock Michael Smith, Cochran, Cherry, Givens & Smith, Tuskegee, AL, Champ Lyons, III, King, Horsley & Lyons, LLC, Augusta S. Dowd, Katherine Rogers Brown, White Arnold Andrews & Dowd PC, Birmingham, AL, David Craig Allred,

**1200**

David Earl Allred, David E. Allred, PC, Montgomery, AL, for Plaintiffs.

Kenneth Lamar Thomas, Ramadanah Maryum Salaam–Jones, Thomas Means Gillis & Seay PC, Joseph Lister Hubbard, R. Brooke Lawson, III, Capell Howard PC, Montgomery, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

IRA DE MENT, Senior District Judge.

Before the court is a motion to dismiss filed by Defendant Alabama State University. (Doc. No. 7.) Plaintiff Gil Berry, doing business as Gil Berry & Associates, and Plaintiff Marous Brothers Construction, LLC, filed a response in opposition. (Doc. No. 16.) After careful consideration of the arguments of counsel, the relevant law, and the allegations in the complaint, the court finds that the motion is due to be denied.

### I. JURISDICTION AND VENUE

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332(a) (diversity). The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both personal jurisdiction and venue.

### II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level ... on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, — U.S. —, —, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007).

### III. RELEVANT FACTS

The relevant facts in the complaint are as follows. Defendant Alabama State University ("ASU") is an "instrumentality of the State of Alabama." (Compl.¶ 3.) In 2005, ASU decided to renovate six student housing buildings on its campus. (*Id.* ¶ 11.) The renovation project was known as the "Student Residence Project at ASU." (*Id.*) On November 15, 2005, pursuant to a resolution, Plaintiff Gil Berry, doing business as Gil Berry & Associates ("GBA"), and another entity were named as the developers for the project. (*Id.* ¶ 13.) Thereafter, at ASU's and GBA's request, Plaintiff Marous Brothers Construction ("Marous") was hired "to document existing conditions, prepare design documents, and prepare documents outlining the intended scope of the renovation work." (*Id.* ¶¶ 1, 14.) Consequently, Marous made "several field visits to ASU" and "prepared floor plans, elevations, and detailed cost estimates for each of the six subject dormitory buildings." (*Id.* ¶ 14.)

In May 2006, Marous provided its "proprietary work product" to ASU, detailing its proposed renovations to the six dormitories. (*Id.* ¶ 15.) Subsequently, ASU used Marous' proprietary work product to obtain financing for the Student Resident

Project. (*Id.* ¶¶ 18, 21.) Overall, Marous provided preconstruction services on the Student Residence Project totaling $454,777.00, and GBA incurred fees related to its supervision of the preconstruction services in the amount of $196,585.68. (*Id.* ¶ 35.) Plaintiffs have submitted invoices for payment to ASU, but ASU has never paid the invoices, notwithstanding Plaintiffs' repeated requests. (*Id.* ¶¶ 16, 17, 24, 28, 29, 35, 38.)

Seeking payment for services rendered and other relief, Plaintiffs filed this action in May 2007 against ASU and five other Defendants. Plaintiffs contend that ASU entered into an agreement with Plaintiffs "for development work to design, build, renovate, and procure financing for the Student Resident Project, that Plaintiffs fully performed the agreed-upon work, and that ASU owes them $651,362.68 for that work." (*Id.* ¶¶ 42–45.) Plaintiffs seek relief from ASU principally under a breach of contract theory. (*Id.* ¶¶ 41–46.)

## IV.  DISCUSSION

As grounds for its motion to dismiss, ASU argues that Plaintiffs' claims against it are barred by the doctrine of sovereign immunity, as provided in Article I § 14 of the Alabama Constitution of 1901, because it is an instrumentality of the State of Alabama. Plaintiffs do not dispute that ASU is a state agency which ordinarily would not be subject to suit under the doctrine of sovereign immunity. Plaintiffs, however, argue that their allegations establish that ASU is legally obligated to pay Plaintiffs for the preconstruction services they rendered in connection with ASU's Student Resident Project and that these facts bring their action within one of the doctrine's narrow exceptions. For the reasons to follow, the court agrees with Plaintiffs.

Article I, § 14 of the Alabama Constitution of 1901, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." *Id.* Section 14 immunity extends to state agencies, *Phillips v. Thomas,* 555 So.2d 81, 83 (Ala. 1989), which includes the "state's institutions of higher learning." *Taylor v. Troy State University,* 437 So.2d 472, 474 (Ala. 1983). While the doctrine of sovereign immunity is "nearly impregnable," *Patterson v. Gladwin Corp.,* 835 So.2d 137, 142 (Ala.2002), the Supreme Court of Alabama "has held that certain categories of actions do not come within the prohibition of § 14[.]" *Taylor,* 437 So.2d at 474. One of those categories is "actions brought to force state employees or agencies to perform their legal duties." *State Highway Dept. v. Milton Constr. Co. ("Milton"),* 586 So.2d 872, 875 (Ala.1991).

Here, Plaintiffs allege that ASU entered into an agreement with them whereby ASU would pay Plaintiffs for certain preconstruction services related to the Student Residence Project. Plaintiffs allege that they performed this work, provided their work product to ASU, and submitted invoices to ASU totaling $651,362.68. Plaintiffs further allege that ASU accepted Plaintiffs' work product and used that work product to secure bond financing for the Student Residence Project and for other purposes, but that ASU has not paid Plaintiffs. Accepting these facts as true, which the court must do at this stage of the litigation, the court finds that the allegations establish that ASU legally contracted under state law for services and accepted such services and, thus, is legally obligated to pay for the services accepted under the terms of the agreement. *See Milton,* 586 So.2d at 875; (Compl.¶¶ 41–45.) It follows, as it did in *Milton,* that "this obligation is not subject to the doctrine of sovereign immunity" because "it is in the nature of an action to compel [a state agency] to perform [its] legal duties and pay [Plaintiffs] for services contracted

for and rendered." 586 So.2d at 875. Because Plaintiffs have alleged facts which fall within an exception to sovereign immunity, the court finds that ASU's motion to dismiss is due to be denied.[1]

## V. ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant Alabama State University's motion to dismiss be and the same is hereby DENIED.

---

1. Because the court finds that Plaintiffs overcome ASU's motion to dismiss based upon the sovereign immunity exception discussed above, it need not and declines to discuss the second exception upon which Plaintiffs rely as an alternative ground to defeat the application of the doctrine of sovereign immunity.