MOORE, Chief Justice
(concurring in part and dissenting in part in case no. 1140907).
I concur with affirming that part of the trial court’s judgment denying the counter *146 claim ■ of Alabama State University (“ASU”) and its officials[14] against Stacey Danley. However, I respectfully dissent from reversing the part of the trial court’s judgment that awarded damages to Dan-ley. I dissent primarily because I disagree with the main opinion that Art. I, § 14, Ala. Const.1901, bars Danley’s action alleging breach of contact.
In State of Alabama Highway Department v. Milton Construction Co., 586 So.2d 872 (Ala.1991), Milton Construction Company, Inc. (“Milton Construction”), entered into a contract with the State Highway Department (“the Highway Department”). After Milton Construction had rendered the services promised in the contract, the Highway Department refused to pay. Milton Construction sued the Highway Department alleging breach of contract, but the Highway Department argued that the suit was barred by § 14 on the ground of immunity. This Court disagreed, reasoning as follows:
“It is true that § 14 of the Constitution prevents a suit against the state as well as suits against its agencies. See Phillips v. Thomas, 555 So.2d 81 (Ala.1989); Rutledge v. Baldwin County Comm’n, 495 So.2d 49 (Ala.1986). However, this Court has also recognized that there are certain established exceptions to the protection afforded the state or its agencies by sovereign immunity. See Ex parte Carter, 395 So.2d 65, 68 (Ala.1981). Among those recognized exceptions are actions brought to force state employees or agencies to perform their legal duties. Id. ... ”
586 So.2d at 875 (emphasis added). This Court reasoned that “[o]nce the Highway Department has legally contracted under state law for goods or services and accepts such goods or services, the Highway Department also becomes legally obligated to pay for the goods or services accepted in accordance with the terms, of the contract.” Id, We therefore concluded that Milton Construction’s claim was not barred by § 14.
Following our decision in Milton Construction, the United States District Court for the Middle District of Alabama in Marous Brothers Construction, LLC v. Alabama State University, 533 F.Supp.2d 1199 (M.D.Ala.2008), denied ASU’s motion to dismiss a breach-of-contract action on State-immunity grounds. In that case, ASU sought to renovate student-housing buildings on its campus. Before the renovations started, ASU hired two companies to do preconstruction work. After the work was complete, the companies submitted their invoices to ASU, seeking $651,362.68 for the work they' did. ASU refused to pay, and the companies sued ASU for damages arising from breach of contract. ASU moved to dismiss, alleging immunity under § 14.
The court recognized that § 14 immunity applies to state agencies, including “the ‘state’s institutions of higher learning.’” Marous Bros., 533 F.Supp.2d at 1201 (quoting Taylor v. Troy State Univ., 437 So.2d 472, 474 (Ala.1983)). However, applying Milton Construction, the court recognized that § 14 immunity does not apply to actions “ ‘brought to forcé state employees or agencies to perform their legal duties.’ ” Marous Bros., 533 F.Supp.2d at 1201 (quoting Milton Constr., 586 So.2d at 875). The court then reasoned:
*147 “Here, Plaintiffs allege that ASU entered into an agreement with them whereby ASU would pay Plaintiffs for certain preconstruction services related to the Student Residence Project. Plaintiffs allege that they performed this work, provided their work product to ASU, and submitted invoices to ASU totaling $651,362.68. Plaintiffs further allege that ASU accepted Plaintiffs’ work product and used that work product to secure bond financing for the Student Residence Project and for other purposes, but that ASU has not paid Plaintiffs. Accepting these facts as true, which the court must do at this stage of the litigation, the court finds that the allegations establish that ASU legally contracted under state law for services and accepted such services and, thus, is legally obligated to pay for the services accepted under the terms of the agreement. See Milton, 586 So,2d at 875.... It follows, as it did in Milton, that ‘this obligation is not subject to the doctrine of sovereign immunity’ because ‘it is in the nature of an action to compel [a state agency] to perform [its] legal duties and pay [Plaintiffs] for services contracted for and rendered.’ 586 So.2d at 875. Because Plaintiffs have alleged facts which fall within an exception to sovereign immunity, the court finds that ASU’s motion to dismiss is due to be denied.”
Marous Bros., 533 F.Supp.2d at 1201-02 (alterations in original).
Thus, Milton Construction and Marous Brothers recognized that a breach-of-eon-tract claim against the State or its officials is not barred by § 14 immunity when it is “brought to force state employees or agencies to perform their legal duties.” Milton Constr., 586 So.2d at 875. In this case, ASU entered into a contract with Danley pursuant to which Danley agreed to serve as ASU’s athletic director from July 26, 2010, through September 30, 2013, for a salary of $125,000 per year. Thus, by voluntarily entering into a contract with Danley, ASU and its officials were legally obligated to perform the duties specified in the contract. I therefore see no reason why Danley’s claim against ASU and the ASU officials would be barred by § 14 immunity.
The main opinion holds that Milton Construction and Marous Brothers are distinguishable, reasoning that “the takeaway from Milton Construction and Marous Brothers is that once the State has contracted for services and has accepted those services, it is legally obligated to pay for those services.” 212 So.3d at 128. I respectfully disagree. I believe that it is the contract, not the acceptance of services, that creates the legal obligation to pay. See 81A C.J.S. States § 554 (2015) (“[Generally, when a state makes a contract, it is liable for a breach of its agreement, and the doctrine of sovereign immunity does not apply, or the action falls within the States’ constructive or express waiver of immunity for that purpose.” (footnotes omitted)). Under ordinary contract law, a party’s obligation to pay arises from the terms of the contract itself; the duty to pay does not depend on whether the breaching party has fully accepted the services of the non-breaching party. See 17B C.J.S. Contracts § 823 (2011) (“Failure by one party to perform a valid and subsisting contract, in accordance with its terms, confers on the other party a cause of action for an appropriate form of relief for its breach.” (footnote omitted)). I therefore see no reason to hold that the State’s obligation to pay arises only when it has breached a contract and has fully accepted the services of the non-breaching party.
Moreover, if we hold that breach-of-contract claims against the State generally are barred by § 14, Ala. Const.1901, then *148 what reason would people have to contract with the State? If the State can breach a contract any time before it has fully accepted the non-breaching party’s services, then could the University of Alabama and Auburn University breach their contracts with their football coaches before their contracts expire? If the State can breach its contracts before it has fully accepted the services rendered by the non-breaching parties and claim immunity under § 14, then, although an aggrieved party may have a remedy with the Board of Adjustment, he or she will find no justice in a court of law.

. As noted in the main opinion, these officials include John F. Knight, former executive vice president and former chief operating officer of ASU; William H. Harris, former interim president of ASU; Gwendolyn Boyd, president of ASU; and members of ASU’s Board of Trustees. As does the main opinion, I will also refer to these defendants collectively as "the ASU officials.”